PER CURIAM.
We have been presented with a petition for writ of prohibition and, pursuant to Fla.App. Rule 4.5(d)(2), have issued the rule therein provided. Return to the rule has been made and upon consideration of the petition and the return and the record submitted, the following appears:
The petitioner was arrested for the unlawful possession of marijuana. A trial was set for October 3, 1977. At trial, it appeared that a witness subpoena issued for a defense witness who was a policeman had not been obeyed because the policeman was on vacation. The court, of its own motion, continued the trial until October 17th. At the time of the trial, the policeman witness again did not respond to the subpoena. The court declined to continue the trial again unless petitioner moved for such a continuance. Thereupon, the motion was made and granted and the trial set for a date beyond the 180 day period which began on April 28, 1977, when appellant was arrested upon the pending charge.
On November 18, 1977, the petitioner moved for a discharge, which was denied. In order to be entitled to discharge because of the expiration of the 180 day period,- the defendant must have been continuously available for trial. See Fla.R. Crim.P. 3.191(a)(1). It is petitioner’s position that he was prevented from being ready for trial only by the actions of the State. In order to make this argument, he must identify the witness who was a policeman as an agent of the State. This assumption is not warranted under the circumstances of this case. Therefore, the petition must be dismissed pursuant to State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla.1971). Therefore, the writ is quashed and the petition is dismissed.
It is so ordered.