PEARSON, Judge.
The defendant pleaded nolo contendere to a charge of grand larceny pursuant to a negotiated plea and a reservation of right to appeal the denial of his motions for discharge under the speedy trial rule (Fla.R.Crim.P. 3.191).[1] The right of a defendant to accept a negotiated plea of nolo conten-dere and reserve the right to appeal is not argued in this case and is not decided on this appeal.
It affirmatively appears from the record in this case that the defendant, at the call of the case prior to the expiration of the 180 day period, announced that the defense was not ready because of the failure of defense witnesses to appear for deposition. At that time, defense counsel announced a desire to enter a negotiated plea if such could be arranged and further that if a negotiated plea could not be arranged, the defense would request a continuance. The trial was continued and, subsequently, the negotiated plea was entered.
Defense counsel’s announcement of his reason for requesting a continuance was not binding on the court. If defendant had desired to stand upon the rights granted him under the speedy trial rule, he could have presented the alleged fault of the State as a basis for not going to trial on the scheduled date. If the court found that the continuance had been necessitated by the failure of the State to proceed properly, the defendant would have been entitled to discharge upon the expiration of the 180 day period. To hold otherwise would deprive the State of the opportunity to proceed under Fla.R.Crim.P. 3.191(d)(2) for a continuance not charged to the State.
We conclude, therefore, that this appeal is not governed by the rule in State ex rel. Wright v. Yawn, 320 So.2d 880 (Fla. 1st DCA 1975), but falls within the rule announced by the Supreme Court of Florida in Rubiera v. Dade County ex rel. Benitez, 305 So.2d 161 (Fla.1974).
Affirmed.

. This appeal was first presented to this court upon a public defender memorandum brief pursuant to motion to withdraw. The court, finding an arguable point upon appeal, denied the motion and required full briefs by appellant and the State.