NIMMONS, Judge.
D.K.D. appeals an order denying her motion to dismiss a petition for delinquency, she having entered a nolo contendere plea expressly reserving the right to appeal. We affirm.
The motion to dismiss filed pursuant to Fla.R.Juv.P. 8.130(b)(2) alleged that the petition, which charged the offense of perjury, should be dismissed on the grounds that there were no material disputed issues of fact and the undisputed facts did not establish a prima facie case of guilt against appellant. Among other things, the petition in alleging perjury stated that appellant lied in another judicial proceeding when she testified that she did not make a telephone call to a certain residence on a certain date. The motion to dismiss states that such was not material to that proceeding. Appellant claims that she was entitled to an order of dismissal since the state did not file a pleading denying the allegations of the motion to dismiss.
Even if, as appellant contends, Fla. R.Juv.P. 8.130(b)(2) encompasses the kind of motion to dismiss which contemplates the state’s filing a traverse or other pleading refuting factual allegations, appellant’s motion stating only her legal conclusion concerning the materiality of appellant’s testimony in the prior proceeding is patently insufficient and should be denied without regard to any traverse or demurrer which may be filed by the state. See State v. Sedlmayer, 375 So.2d 887 (Fla. 3rd DCA 1979).
In addition, however, we are of the view that the Florida Rules of Juvenile Procedure simply do not provide for the kind of procedural remedy upon which appellant seeks to rely. Essentially, appellant claims that the “criminal summary judgment” procedures embodied in Fla.R.Cr.P. 3.190(c)(4) are available under Fla.R.Juv.P. 8.130(b)(2). The latter rule provides in pertinent part:
(2) Motion to Dismiss. All defenses not raised by a plea of not guilty or denial of the allegations of the petition shall be made by a motion to dismiss the petition.
The language of that rule does not lend itself to the interpretation that a 3.190(c)(4) motion is contemplated thereunder. Further, neither the Rules of Juvenile Procedure nor the Rules of Criminal Procedure provide that the criminal procedure rules are applicable in juvenile proceedings. Appellant relies upon State v. J.T.S., 373 So.2d 418 (Fla. 2nd DCA 1979), in which the court considered an appeal from the lower court’s order granting a “c(4)” type motion to dismiss. The court stated:
Although, this being a juvenile proceeding, the Florida Rules of Juvenile Procedure are applicable, Rule 8.130(b)(2), Florida Rules of Juvenile Procedure provides only generally for the filing of motions to dismiss and implicitly incorporates Rule 3.190(c) and (d). See Committee Note (b)(3). '
373 So.2d at 419, f.n. 1. We respectfully disagree with the Second District that Rule 8.130(b)(2) implicitly incorporates Rule 3.190(c)(4). Committee Note (b)(2) to Rule 8.130(b)(2) simply says:
(b)(2) General provision for all defenses not raised by a guilty plea to be made by a motion to dismiss. [See Fla.R.Crim.P. 3.190(b), (c), and (d)].
We hold that the procedural remedy provided for in criminal cases by Fla.R.Cr.P. 3.190(c)(4) is not available in juvenile proceedings. We recognize that our decision in this respect is in direct conflict with the Second District’s opinion in State v. J.T.S., supra. Pursuant to Fla.App.R. 9.030(a)(2)(A)(v), we certify to the Florida Supreme Court the following question as one of great public importance:
Is The Procedural Remedy Provided For By Fla.R.Cr.P. 3.190(c)(4) Available In Juvenile Proceedings?
For the reasons stated above, the order denying appellant’s motion to dismiss is AFFIRMED.
ERVIN, C.J., and THOMPSON, J., concur.