WIGGINTON, Judge.
Appellants pled nolo contendere to a charge of conspiracy to deliver a controlled substance, in violation of section 777.04, Florida Statutes, reserving their respective rights to appeal the trial court’s order finding they waived speedy trial. We affirm.
The following recitation of facts shows how the relatively straight forward purpose of the speedy trial rule may be completely defeated. Appellants were arrested on February 11, 1983, and an information was filed on March 23, 1983, charging them with possession and the sale of cannabis, and conspiracy to deliver a controlled substance. On March 30, each filed a plea of not guilty and a demand for discovery. On May 3, the state filed its answer to the demand. The case was scheduled to be tried June 21, 1983.
On June 3, appellants filed their “Motion for Continuance Chargeable to the State,” on the ground that the defense required more time in which to conduct discovery. The hearing on the motion was held on June 6, at which time defense counsel stated, “Actually, Your Honor, I don’t necessarily care if you charge it to them [the state], just so you don’t charge it to my Defendants.”
In rebuttal the prosecutor, while admitting that the state had been somewhat tardy in filing its answer to the defense’s demand for discovery,[1] took the position that the defense nonetheless had ample time (six or seven weeks) between the receipt of the answer and the trial date to prepare. In addition, the prosecutor argued that a defense motion for continuance “for whatever reason ascribed to it by the Defense does constitute a waiver of speedy trial ....”
The trial court responded, “As I read it, it doesn’t matter who it’s charged to, whether a continuance carries with it a waiver of speedy trial.” To which the prosecutor replied, “Right. I think it is a waiver.”
Thus ended the discussion on the subject of waiver, with no counter argument offered by the defense. Thereafter, counsel and court set their heads together to move the trial date to July 21, still within the speedy trial time.
On June 10, the trial court signed a written order, presumably supplied by the de *773 fense, granting the motion for continuance. Unfortunately, the prosecutor did not notice until mid-July that the order actually granted the “Motion for Continuance Chargeable to the State” (emphasis added). Being somewhat nonplussed about this turn of events, and having instant recall of the trial court’s true intent following the June 6 hearing, the prosecutor filed on behalf of the state a motion for order from the court rescinding its previous order granting the defense “Motion for Continuance Chargeable to the State.” At the hearing on the motion held on July 20, the prosecutor argued that from its understanding of the June 6 hearing, the trial court had no intention of charging the continuance to the state, as he had apprised the court of the rule that such a motion automatically waived the defendants’ rights to a speedy trial. Following intense discussion and debate on this issue, related hypotheticals, and equitable ramifications, the trial court agreed with the state’s opinion of the court’s prior intent, granted the state’s motion and entered an order finding the defense had waived speedy trial by its June 3 motion for continuance.
At that same hearing, the state orally moved to amend the information against appellant Linvick, and, of course, with impunity, moved for a continuance of the trial scheduled for the following day. Both motions were granted over defense objection.
The trial was thereafter rescheduled beyond August 10, the point 180 days from the date of appellants’ arrest and outside speedy trial time. No demand for speedy trial had ever been made by the defense pursuant to rule 3.191(a)(2), Florida Rules of Criminal Procedure, nor was there a motion for discharge filed under rule 3.191(a)(1). Instead, on September 29, 1983, appellants entered their plea of nolo contendere and reserved their respective rights to appeal.
Appellants now raise two points, under the first arguing that they were entitled to discharge, and under the second arguing that the trial court’s “eleventh hour” ruling amending its prior order denied them due process of law. Regarding the first argument, we have no difficulty in concluding from our reading of the record that the trial court did not intend to charge the state with the defense’s June 3 motion for continuance. The rule is well settled in Florida that a defense-requested continuance takes the matter out of the operation of the speedy trial rule. See Strickland v. State, 435 So.2d 934 (Fla. 1st DCA 1983); State v. Nieman, 433 So.2d 572 (Fla. 3d DCA 1983); Ehn v. Smith, 426 So.2d 570 (Fla. 5th DCA 1983); and see also State v. McCrery, 429 So.2d 739 (Fla. 1st DCA 1983); State v. Brown, 394 So.2d 218 (Fla. 5th DCA 1981); Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980); State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla.1971). As no exceptional circumstances were shown by the defense, the trial court was without authority to charge the continuance to the state, and therefore did not err in amending its order in that regard.
As to appellants’ second argument, we hold that they were not denied due process by the trial court’s amending its order. First we do not see in the record where appellants specifically presented this due process argument to the court, although they did tender an equitable argument based on self-serving speculation. Second, defense counsel was obviously present at the June 6 hearing, yet made no effort to seek clarification of the court’s decision on their motion. Of course, clarification would have been unnecessary as it is clear to us that the court was persuaded by the state; consequently, the order the trial court signed on June 10, did not reflect that which it had intended to do on June 6, and, accordingly, the court properly corrected its error.
AFFIRMED.
SMITH and WENTWORTH, JJ., concur.

. See Fla.R.Crim.P. 3.220(a)(1).