BOYD, Chief Justice.
This case is before the Court on petition for review of the decision of the district court of appeal affirming the trial court’s order denying petitioner D.K.D.’s motion to dismiss a petition for adjudication of juvenile delinquency. The district court of appeal certified that its decision passed upon a question of great public importance, thus giving this Court the judicial power to review the decision. Art. V, § 3(b)(4), Fla. Const.
The certified question is presented as follows:
Is the Procedural Remedy Provided For By Fla.R.Cr.P. 3.190(c)(4) Available In Juvenile Proceedings?
D.K.D. v. State, 440 So.2d 468, 469 (Fla. 1st DCA 1983). The district court ruled so as to answer the question in the negative. We agree, answer the certified question in the negative, and approve the decision of the district court of appeal.
Petitioner was charged with juvenile delinquency by reason of having committed an act forbidden by the criminal law of Florida. The defense filed a motion to dismiss on the ground that under the undisputed facts shown by the evidence to be presented the state would not be able to make out a prima facie case of guilt. The *1389 trial court denied the motion over the accused’s objection that because the state had not filed a traverse to the motion the allegations of the motion had to be admitted. Then the accused juvenile pled nolo contendere, reserving the right to appeal the denial of the motion to dismiss. See, e.g., Vernold v. State, 376 So.2d 1166 (Fla.1979); McNamara v. State, 357 So.2d 410 (Fla.1978).
Petitioner argues that Florida Rule of Juvenile Procedure 8.130(b)(2), providing for motions to dismiss in juvenile delinquency proceedings, incorporates the procedural remedies provided for by Florida Rule of Criminal Procedure 3.190, governing motions to dismiss in criminal cases. Under rule 3.190(d), factual matters in a motion to dismiss are deemed admitted unless denied by means of a traverse or demurrer by the state to the motion. Because no traverse was filed to the juvenile’s motion to dismiss here, petitioner claims the right to dismissal based on the unrefuted allegations of the motion to dismiss. It is clear to us that this argument is without merit because juvenile rule 8.130(b)(2) contains no such provision for a traverse or demurrer by the state.
The rules of criminal procedure were promulgated to govern court processes in criminal cases and the rules of juvenile procedure to govern in juvenile cases. We see no implied incorporation of one of the former into the latter. Petitioner points out that the committee note accompanying juvenile rule 8.130(b)(2) when the juvenile rules were promulgated stated as follows: “(b)(2) General provision for all defenses not raised by a guilty plea [sic] to be made by a motion to dismiss. [See Fla.R.Crim.P. 3.190(b), (c), and (d)].’’ The Florida Bar In re Florida Rules of Juvenile Procedure, 345 So.2d 655, 669 (Fla.1977) (second set of brackets in original). Petitioner argues that the bracketed reference to criminal rule 3.190(b), (c), and (d) indicates an intent on the part of the committee to incorporate into the juvenile rule the provisions found in the criminal rule regarding the effect of the state’s not traversing a motion to dismiss. It is clear to us that the note does not indicate any such intention. Even if that were the committee’s intention, committee notes are only persuasive authority and are not binding; it is the intent of this Court in promulgating a rule of procedure, as expressed in the rule itself, that governs its interpretation.
There is case-law support, however, for petitioner’s position. In State v. J.T.S., 373 So.2d 418 (Fla. 2d DCA 1979), the court, finding that a motion to dismiss in a juvenile case had to be denied because the state had filed a traverse specifically disputing the allegations of the motion, said that rule 8.130(b)(2) “implicitly incorporates Rule 3.190(c) and (d),” citing the committee note to rule 8.130(b)(2). 373 So.2d at 419 n. 1. We disapprove J.T.S. and hold that there is no requirement of a traverse to a motion to dismiss under juvenile rule 8.130(b)(2).
Juvenile rule 8.130(b)(2) is written in more general terms than are the provisions of criminal rule 3.190(b) through (f). The juvenile rule provides greater flexibility to the court and the parties, and appears to have been designed to simplify procedure by avoiding some of the necessarily intricate pretrial manueverings provided for in criminal cases. In a juvenile case, the court has broader discretion to grant or deny a motion to dismiss without regard to mechanical rules turning upon the filing of a traverse or the lack thereof.
We do not mean to prohibit the general use of responsive pleadings not specifically provided for by rule. We only hold that neither the filing nor the lack of filing of a responsive pleading to a motion to dismiss in a juvenile case has the same effect as either might have in a criminal case under rule 3.190.
We hold that juvenile rule 8.130(b)(2) does not make available to the accused or the state the procedural remedies provided for by criminal rule 3.190. The decision of the district court of appeal is therefore approved.
It is so ordered.
*1390 OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS, J., dissents.