PER CURIAM.
This is an appeal by the state from an order of the trial court dismissing with prejudice the charges against Roberto Rojas and Jose M. Ortega for cocaine trafficking and possession. We reverse. The trial court erred in dismissing the charges because of the state’s failure to produce a witness for deposition.
The state cannot be deemed responsible for its inability to produce a witness where the state learned belatedly of her incarceration in another state and her refusal to testify against the defendants. “There is no showing that the state, either through calculated official ignorance or deliberate, intentional activity, was at fault for its failure to know the informant’s whereabouts.” Guzman v. State, 498 So.2d 639, 639 (Fla. 3d DCA 1986). Absent such a showing of fault or bad faith, the sanction of dismissal is unwarranted. Id.; State v. Mena, 505 So.2d 681 (Fla. 3d DCA 1987). Moreover, the state generally does not have an obligation to produce witnesses for deposition. State v. Rodriguez, 483 So.2d 751 (Fla. 3d DCA 1986).
Reversed and remanded for further proceedings.