530 So.2d 1050 (1988)
Deborah H. GRANADE, Appellant,
v.
Honorable Marshall H. ADER, County Court Judge of the Eleventh Judicial Circuit, in and for Dade County, Florida, Appellee.
No. 87-2140.
District Court of Appeal of Florida, Third District.
September 6, 1988.
Benton L. Becker and Peter A. Collins, Coral Gables, for appellant.
Robert A. Butterworth, Atty. Gen., and Yvette Rhodes Prescott, Asst. Atty. Gen., for appellee.
Before NESBITT, DANIEL S. PEARSON and JORGENSON, JJ.

ON MOTION FOR REHEARING GRANTED
PER CURIAM.
Deborah Granade's motion for rehearing is granted. Our original opinion filed May 24, 1988, is vacated, and the following opinion substituted:
Deborah Granade appeals from an order of the circuit court denying her petition for a writ of prohibition. We affirm.
On February 19, 1987, Granade was arrested by Officer Michael Coon, a Metro-Dade motorcycle police officer, and charged with driving under the influence in violation of section 316.193, Florida Statutes (1985). On March 27, Granade entered demands for a jury trial and for discovery. The state's discovery response listed Officer Coon as the state's only witness. The case had been set for trial on April 16. Granade scheduled Officer Coon's deposition for April 15. During his deposition, Officer Coon declined to answer five questions on the basis that the questions either were hypothetical or were not relevant to his investigation. The state *1051 announced ready for trial on April 16. Granade moved for a continuance chargeable to the state based mainly upon Officer Coon's refusal to answer all deposition questions. The trial court granted the motion but charged the continuance to Granade. Trial was reset for May 26. On the day of trial, Granade advised the trial court that the speedy trial period had expired on May 20. Granade filed a motion for discharge which the trial court denied. Thereafter, Granade sought a writ of prohibition from the appellate division of the circuit court. Her petition was denied, giving rise to this appeal.
A defense continuance may result in a dismissal on speedy trial grounds where the defendant can show both an actual state violation of the discovery rules and that late or inadequate discovery was furnished "at a time which will not enable the defendant to make use of it in the preparation of his defense before the expiration of the speedy trial time limits... ." State v. Del Gaudio, 445 So.2d 605, 611 (Fla. 3d DCA), rev. denied, 453 So.2d 45 (Fla. 1984); State v. Brown, 527 So.2d 209 (Fla. 3d DCA 1988); Fla.R.Crim.P. 3.191(d)(3). Although Granade argues that Officer Coon's failure to respond satisfactorily to the questions posed at deposition caused severe prejudice to her defense, "prejudice to the defendant is irrelevant where the State is not obliged to furnish the discovery in the first instance, and thus, the State's inaction or refusal does not constitute a discovery violation. In such a case, the imposition of any sanction against the State ... is impermissible." Del Gaudio, 445 So.2d at 609 n. 4. Here, no discovery violation resulted from Officer Coon's lack of response at deposition. Even if the officer's lack of response were deemed a violation, it would be inappropriate to sanction the state for discovery violations when it is the witness's conduct that is at issue. In matters of discovery, a police officer is not an agent of the state. The officer's conduct as a witness, therefore, does not amount to state action. See State ex rel. Betancourt v. Klein, 354 So.2d 392 (Fla. 3d DCA 1978) (police officer's failure to respond to witness subpoena does not constitute state action).
The order under review is, accordingly, AFFIRMED.