PER CURIAM.
This is an appeal by the state from a trial court order dismissing an information for lack of prosecution. For the reasons which follow, we reverse.
Both sides announced ready for trial below on an information charging the defendant Alexander Perez with trafficking in stolen property; this announcement was made on the morning of the day the case was set for trial. The trial court then asked the prosecuting attorney what the nature of the state’s evidence was. The prosecuting attorney replied that the case involved two undercover police officers who allegedly sold a box of avocados to the defendant upon a representation that the avocados were stolen. The trial court expressed some concerns about the merit of the state’s case and ordered the prosecuting attorney to produce the police officers in court that afternoon at 2:00 P.M. when the trial was scheduled to begin or the case would be dismissed. Although not entirely clear from the record, the trial court apparently wished to take testimony from these officers in advance of the jury trial to determine whether the state had a meritorious case. When the officers failed to appear in court as ordered, the trial court dismissed the information for lack of prosecution, although the prosecuting attorney represented that one of the officers had been present in court earlier.
We reverse the order under review because, simply stated, there is no showing on this record that the state was not prepared to go forward with its case on the day of trial. The state had announced ready for trial and thus presumptively was prepared to select a jury, make an opening statement, and present its witnesses. The fact that the police officers were not physically in the courtroom at 2:00 P.M. before a jury had even been selected constitutes no showing that the state was not prepared to present its evidence at trial at the appropriate time once the trial had begun. Moreover, to the extent that the dismissal may be seen as a sanction for the state’s failure to obey a court order, we think the trial court abused its discretion in imposing such a sanction because the trial court had no authority in the first instance to order the police officer’s presence in advance of trial when the sole purpose for doing so appears to have been to familiarize the trial court with the facts of the case, rather than to rule on any pending motion or other legal matter before the court. Compare State v. Carda, 495 So.2d 912, 914 (Fla. 3d DCA 1986) (error to grant a dismissal for the state’s inability or unwillingness to produce police officers for questioning under oath as “state is not obliged, on pain of dismissal, to produce witnesses for deposition or trial”); State v. Valdes, 443 So.2d 302 (Fla. 3d DCA 1983) (error to dismiss as sanction for state’s failure to produce witnesses for deposition because (a) it was not state’s responsibility to produce state witnesses for deposition, and (b) to dismiss for failure of state to do so constituted a departure from essential requirements of law); State v. Adderly, 411 So.2d 981, 982 (Fla. 3d DCA 1982) (error to dismiss for police officer’s failure to appear for deposition as “state is not obliged, at pain of dismissal, to produce witnesses for deposition”).
The order under review is therefore reversed, and the cause is remanded to the trial court with directions to reinstate the information filed below.
Reversed and remanded.