545 So.2d 415 (1989)
The STATE of Florida, Appellant,
v.
Donald EARL, Appellee.
No. 88-1263.
District Court of Appeal of Florida, Third District.
June 13, 1989.
Robert A. Butterworth, Atty. Gen., and Steven T. Scott and Jorge Espinosa, Asst. Attys. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Asst. Public Defender, for appellee.
Before SCHWARTZ, BARKDULL and LEVY, JJ.
PER CURIAM.
The State appeals the sua sponte dismissal of this case by the Court, contending that the dismissal was unwarranted. We agree and reverse.
The record reflects that the trial court dismissed the case after having "heard a statement of facts given by the defendant, ninety-seven percent of which is supported by representations by the defendant's attorney of the facts contained in depositions." There had been no Motion to Dismiss, either sworn or unsworn, made by the defendant under Rule 3.190 of the Florida Rules of Criminal Procedure or, for that matter, any other portion of those rules.
It appears, from a consideration of the totality of the circumstances surrounding the dismissal, that it was the Court's intention, in dismissing the case, to "screen out" *416 a case that was viewed by the Court as one that was so weak so as to be unworthy of the time and effort, of the Court and the prosecutor, that would necessarily have to be expended if the prosecution of the case were to continue. When one considers the massive volume of felony cases that proceed through the criminal division of the Circuit Court during any given period of time, it is easy to understand and appreciate efforts expended in the implementation of appropriate measures aimed at making the best use of the finite amount of resources and hours available to the Court and other personnel involved in the Criminal Justice System.
The problem arises, however, when the taking of such actions by the Court invades and interferes with the proper exercise of prosecutorial discretion that is the sole responsibility of the prosecutor. See State v. Perez, 543 So.2d 386 (Fla. 3d DCA 1989).
The strength of the State's case, and the likelihood of the State obtaining a conviction after a prosecution of a particular case, are properly considered by the Court in certain circumstances, such as when the Court has to make a determination concerning the pre-trial release status of a particular defendant. This is recognized by the provisions of Rule 3.131(a) of the Florida Rules of Criminal Procedure and the cases that have interpreted that rule. The consideration of the merits of the State's case in connection with the implementation of that rule, however, is only designed to assist the Court in making a proper determination concerning the pre-trial release status of the defendant. Neither the provisions of that rule nor the provisions of any other rule contained within the Florida Rules of Criminal Procedure provide for the Court to participate with the State in making "screening" decisions as to which cases should or should not be prosecuted. The prosecutor, and only the prosecutor, has the responsibility and the authority of making decisions relating to the allocation of prosecutorial resources. Once the prosecutor has made a determination that a particular case should be prosecuted, it then becomes the responsibility of the Court to appropriately adjudicate, according to the Florida Rules of Criminal Procedure and applicable case law, those issues and questions which are properly placed before the Court, such as occurs when the defendant files a sworn Motion to Dismiss pursuant to the provisions of Rule 3.190(c)(4) of the Florida Rules of Criminal Procedure.
The trial court's dismissal of the instant case was predicated upon the Court's opinion concerning the merits of the case. However, because the Court did not proceed in accordance with the requirements of Rule 3.190 of the Florida Rules of Criminal Procedure, the State was precluded from placing its position or version of the facts before the Court, and in the record, in the manner contemplated by subsection "(d)" of that Rule.
Since no motion to dismiss was filed by the defendant in this case, he is in an even more tenuous position than the defendant in State v. J.T.S., 373 So.2d 418, 419 (Fla. 2nd DCA 1979), disapproved on other grounds, D.K.D. v. State, 470 So.2d 1387 (Fla. 1985), where the court held that "a proceeding under Rule 3.190(c)(4) is the equivalent of a civil summary judgment proceeding." The court went on to note that:
"The trial court may not try or determine factual issues in a summary judgment proceeding; nor consider either the weight of the conflicting evidence or the credibility of the witnesses in determining whether there exists a genuine issue of material facts; nor substitute itself for the trier of the fact and determine controverted issues of fact."
State v. J.T.S., 373 So.2d at 419 (quoting State v. West, 262 So.2d 457, 458 (Fla. 4th DCA 1972)).
Accordingly, the Order of Dismissal entered by the trial court in this case is hereby reversed with this cause being remanded for further proceedings consistent herewith.
Reversed and remanded.