HALL, Judge.
The state appeals from the final order which grants the appellee’s motion for discharge following the expiration of the time for speedy trial. We reverse.
The appellee, a fourteen-year-old child, sold .1 gram of rock cocaine to a confidential informant, who was wearing a body transmitter during the transaction. Law enforcement officers monitored and taped the conversation between the appellee and the informant. Thereafter, the appellee was charged with the sale of cocaine.
*139 The appellee pled not guilty to the charges and on February 22, 1989, the case proceeded to trial. At that time, the defense requested a dismissal of the charges on the grounds that the prosecution had not provided the defense with the address of the informant or the tape recording which was made of the drug transaction. The state responded that the informant had just been located and was present, but that the tape was missing from the property room. The state called Detective Slapp to testify that a search of the property room for the tape had proved to be unsuccessful.
The trial court ruled that the tape possibly contained exculpatory evidence, but that its loss was not caused by a willful act of the state. The trial court called a recess so defense counsel could depose the informant.
When the trial reconvened, defense counsel submitted that the informant’s testimony conflicted with the testimony of the officers who monitored the drug transaction and that the tape would have established which version of the facts was accurate. The defense requested a continuance to further depose the informant and argued that the continuance should be charged to the state. The court granted the request and set the trial for March 1, 1989, one day after the time for speedy trial was to expire.
At the hearing on March 1, the appellee moved for discharge under the speedy trial rule. The trial court granted the appellee’s motion and the appellee was discharged with prejudice.
We recognize that the trial court has the discretion to dismiss a case if it finds that there has been an egregious discovery violation by the state which materially prejudices the defendant. State v. Del Gaudio, 445 So.2d 605 (Fla. 3d DCA 1984). However, the trial court did not impose dismissal as a sanction for discovery violations by the state in this case. Rather, it discharged the appellee because the time for speedy trial had expired.
We must reverse the trial court’s order discharging the appellee since it was prematurely granted. Under Florida Rule of Juvenile Procedure 8.180(j)(3), the state is allowed up to ten days after a hearing on a motion for discharge to bring the defendant to trial. If after the expiration of the ten-day period the defendant is not brought to trial through no fault of the defendant, he shall be entitled to a discharge with prejudice.
Since the state was not granted the opportunity to bring the appellee to trial within ten days, we must remand for further proceedings consistent with this opinion.
Reversed and remanded.
CAMPBELL', C.J., and FRANK, J., concur.