557 So.2d 913 (1990)
The STATE of Florida, Petitioner,
v.
William HAYNES, Respondent.
No. 89-2843.
District Court of Appeal of Florida, Third District.
March 6, 1990.
*914 Robert A. Butterworth, Atty. Gen., and Angelica D. Zayas, Asst. Atty. Gen., for petitioner.
Bennett H. Brummer, Public Defender, and N. Joseph Durant, Jr., Asst. Public Defender, for respondent.
Before HUBBART, BASKIN and GODERICH, JJ.
PER CURIAM.
Based upon the respondent William Haynes' confession of error with which we entirely agree, the state's petition for a writ of certiorari is granted, the order under review excluding a state witness from testifying at trial for failure to appear for numerous defense depositions is quashed, and the cause is remanded to the trial court for further proceedings. See, e.g., State v. Rojas, 508 So.2d 449 (Fla. 3d DCA 1987); State v. Jackson, 436 So.2d 985 (Fla. 3d DCA 1983).
Our decision, however, does not preclude the trial court from citing the witness for indirect criminal contempt of court if that action is otherwise deemed proper. See, e.g., Fla.R.Crim.P. 3.220(j), 3.840. Nor do we preclude the trial court from continuing the trial of the cause until the witness appears for a defense deposition, while at the same time not charging the defendant with any trial delay for speedy trial purposes. See, e.g., State ex rel Gerstein v. Durant, 348 So.2d 405, 408 (Fla. 3d DCA 1977); Fla.R.Crim.P. 3.220(j).
It is so ordered.