571 So.2d 49 (1990)
The STATE of Florida, Petitioner,
v.
Carl GOLDEN, Ronald Barnard, and Roy Jones, Respondents.
No. 90-2264.
District Court of Appeal of Florida, Third District.
November 27, 1990.
Robert A. Butterworth, Atty. Gen., and Jacqueline M. Valdespino, Asst. Atty. Gen., for petitioner.
Bennett H. Brummer, Public Defender, and Robert Burke, Asst. Public Defender, and Arthur J. Leibell, Special Asst. Public Defender, for respondents.
Before NESBITT, FERGUSON and COPE, JJ.
PER CURIAM.
The state seeks certiorari review of a pre-trial order prohibiting the state from presenting the testimony of a certain police officer in a case where the defendants are charged with selling cocaine within 1,000 feet of a school yard in violation of section 893.13(1)(e), Florida Statutes (1989). We have jurisdiction. Art. V, § 4(b)(3) Fla. Const.; Fla.R.App.P. 9.030. See State v. Bowers, 422 So.2d 9 (Fla. 2d DCA 1982).
At his deposition, the officer involved answered questions posed by one defense attorney but refused to answer the questions of other defense attorneys and left the room. After a show cause hearing which the officer failed to attend, the trial judge held the officer in contempt of court and gave him one week to purge the contempt. The officer then failed to appear at a hearing scheduled to give him an opportunity to purge himself of the contempt. At that time the judge, over the state's objection, granted a motion to exclude the officer's testimony.
In granting the defense motion to exclude the officer's testimony, the trial judge erroneously sanctioned the state for a discovery violation which was caused by the witness, not the state. As this court held in Granade v. Ader, 530 So.2d 1050, 1051 (Fla. 3d DCA), review denied, 541 So.2d 1172 (Fla. 1988), "The officer's conduct as a witness [] does not amount to state action." Thus, the state cannot be held responsible in this case for the officer's discovery violation.
We note that the trial court is not precluded from (a) ordering the officer's arrest, see Fla.R.Crim.P. 3.840(a)(3); (b) imposing sentence on the officer pursuant to its finding of contempt, see Fla.R.Crim.P. 3.840(a)(7); and (c) continuing the trial until the officer completes his deposition without *50 charging the defendants with a trial delay for speedy trial purposes. State v. Haynes, 557 So.2d 913 (Fla. 3d DCA 1990).
Accordingly, we grant the petition for writ of certiorari, vacate the order excluding the officer as a witness, and remand the cause for further proceedings consistent with this opinion.