WENTWORTH, Senior Judge.
This is an appeal from a judgment of conviction for the sale of counterfeit drugs (cocaine), a third degree felony,[1] and sentence as an habitual offender to eight years in prison. Appellant contends the trial court erred in denying his motion for judgment of acquittal, and in not charging a requested continuance to the state. We affirm.
Viewing the evidence and all reasonable inferences in a light most favorable to the state, there was sufficient evidence to permit the jury to find beyond a reasonable doubt that appellant was guilty of the sale of counterfeit drugs (counterfeit cocaine). The state presented evidence of a controlled drug purchase. Detective Wester testified that based on her experience as a narcotics investigator, she believed from its appearance that the substance being sold to her was crack cocaine. Detective Var-ner further testified that appellant said upon arrest that the substance was not real but was “wobble lob,” which the detective indicated was a slang term for fake crack. The detective also indicated that appellant told him the ingredients were written down in his book. Detective Varner testified *178 that based on his training and experience he could identify the ingredients listed in the book found in appellant’s possession as those used in making fake crack cocaine. Based on the evidence presented, we affirm the trial court’s order denying appellant’s motion for judgment of acquittal.
The trial court properly refused to charge the continuance to the state. Appellant was not entitled to discharge based on a conflict between the speedy trial rule and competent representation. Dismissal on speedy trial grounds for a defense-moved continuance requires (1) an actual state violation of the discovery rules, and (2) that the alleged violation prevented appellant from making use of the discovery evidence in the preparation of his defense before the expiration of the speedy trial time limitations. State v. Del Gaudio, 445 So.2d 605 (Fla. 3d DCA 1984), rev. den., 453 So.2d 45 (Fla.1984); State v. Brown, 527 So.2d 209 (Fla. 3d DCA 1988), rev. den., 534 So.2d 398 (Fla.1988). Here neither element was met.
The trial judge found that discovery was delayed because the chief detective in the case was in the hospital and the state elected to proceed using Detective Varner in his place. In its response to appellant’s demand for discovery, the state listed Detective Varner as the “Reporting Officer” and a potential witness regarding Appellant’s statements that the drugs were not real. As soon as the State discovered the information regarding Detective Varner’s statements regarding the existence of the address book and appellant’s statements (two days before trial), the state made the information known to defense counsel who deposed Varner the same day. Although Detective Varner failed to appear for a deposition by the defense counsel about six weeks prior to trial, the detective’s failure to appear does not constitute a discovery violation by the state. See State ex rel. Betancourt v. Klein, 354 So.2d 392 (Fla. 3d DCA 1978); accord State v. Golden, 571 So.2d 49 (Fla. 3d DCA 1990); Granade v. Ader, 530 So.2d 1051 (Fla. 3d DCA 1988), rev. den., 541 So.2d 1172 (Fla.1988). Any discovery violation was attributable to exceptional circumstances or circumstances beyond the state’s control.
Even if the state’s action constituted a discovery violation, appellant failed to demonstrate that the violation prevented him from using the evidence in preparation of a defense prior to the time limits of the speedy trial rule. Appellant did not file a demand for a speedy trial pursuant to Fla. R.Crim.P. 3.191(a)(2), therefore the time limit applicable was the 175-day period provided by statute. The trial court informed appellant that it would grant his request for a continuance and would probably reschedule the trial for July 9, 1990, a date that fell within the 175-day limit. Appellant did not allege that he could not be prepared by that date; rather, he indicated that he would not accept the continuance if the trial court refused to charge it to the state. Since appellant chose to go forward with the trial despite the trial court’s statement that it would grant a continuance and would probably set trial for July 9th, appellant failed to establish irreparable prejudice resulting from the discovery violation. See State v. Powell, 566 So.2d 588 (Fla. 3d DCA 1990).
Affirmed.
SMITH and WIGGINTON, JJ., concur.

. Section 817.563, Florida Statutes, provides in part:
817.563 Controlled substance named or described in s. 893.03; sale of substance in lieu thereof. — It is unlawful for any person to agree, consent, or in any manner offer to unlawfully sell to any person a controlled substance named or described in s. 893.03 and then sell to such person any other substance in lieu of such controlled substance. Any person who violates this section with respect to: (1) A controlled substance named or described in s. 893.03(1), (2), (3), or (4) is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.-084. (e.s.)