## STATE OF FLORIDA v KING
## Case No. 90-68AC (Lower Court Case No. 90-4144MM10)
Seventeenth Judicial Circuit, Broward County

June 21, 1991

### APPEARANCES OF COUNSEL

**Lewis Michaels,** Assistant State Attorney, for appellant.

**Steve Michaelson,** Public Defender, for appellee.

Before J. LEONARD FLEET, Circuit Judge.

### OPINION OF THE COURT

Appellant, the State of Florida, appeals a final order dismissing an information against the Appellee, Cynthia King, charging one count of possession of cannabis and one count of possession of drug paraphernalia.

The State argues the trial court erred in granting Defendant's

Motion to Suppress, by allowing the Motion to become a motion to dismiss without notice to the State, without allowing the State an opportunity to traverse or demur, and without allowing or hearing testimony concerning the facts of the case other than those proffered by defense counsel.

Appellant charged Appellee, Cynthia King, by Information filed on February 5, 1990, with Possession of Cannabis and Possession of Drug Paraphernalia. Appellee was arrested on December 28, 1989, at her boy—friend's residence after a search of the premises, pursuant to a search warrant, revealed marijuana, several vials containing cocaine residue and drug paraphernalia. Appellee filed a Motion to Suppress the evidence found in the house. In her motion, Defendant argued she did not live at the residence and the evidence seized was not in her possession.

On August 28, 1990, a hearing was held on the Motion to Suppress. At the hearing, the State argued the Defendant lacked standing to object to seizure of the evidence since she claimed she did not live at the residence. During the hearing on the Motion to Suppress, the court changed the pleading to an *ore tenus* motion to dismiss. The State refused to announce a nolle pros and asked for a continuance in order to research the issue. The court denied the State's request and granted Defendant's motion. The State duly noted its objections to the court's ruling. In its order, the court stipulated "Defendant's Motion to Dismiss is . . . granted and said charges . . . are also dismissed on the grounds that the undisputed facts do not establish a prima facie case which would allow the State to move forward."

Although Appellant raises several concerns in its one issue brief, this Court views the trial court's treatment of the Motion to Suppress as a Motion to Dismiss as the pivotal issue for resolution.

The record reveals the trial court accepted and treated Defendant's Motion to Suppress as a motion to dismiss. There had been no Motion to Dismiss, either sworn or unsworn, made by the Defendant under rule 3.190 of the Florida Rules of Criminal Procedure. From the court's order dismissing the case on the grounds "that undisputed facts do not establish a prima facie case. . .", it appears it was the court's intention to treat the motion as a "(c)(4)" motion.

Florida Rule of Criminal Procedure rule 3.190(c)(4) provides the court may at any time entertain a motion to dismiss on the grounds "There are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant. The facts on

2

which such motion is based should be specifically alleged and the motion sworn to." It is well established a "(c)(4)" motion to dismiss must be sworn by the defendant. See, *State v Higgins,* 437 So.2d 180 (Fla. 4th DCA 1983).

In this case, on top of the absence of a formal motion to dismiss, sworn or unsworn, all we have, for all intents and purposes, is an unsworn motion to suppress; as such the court's granting of the motion to dismiss was a clear abrogation of the tenants of FRCrP 3.190(c)(4).

When one considers the voluminous flow of cases proceeding through the criminal justice system, versus the need to expeditiously move these cases, coupled with the limited amount of resources and time available to the courts, this court understands and appreciates the efforts expended by courts and judicial personnel involved in the system to accomplish this task. The problem arises, however, when the court does not properly act pursuant to the mandatory requirements of the law.

> Once the prosecutor has made a determination that a particular case should be prosecuted, it then becomes the responsibility of the Court to appropriately adjudicate, according to the Florida Rules of Criminal Procedure and applicable case law, those issues and questions which are properly placed before the Court. . .

> *State v Earl,* 545 So.2d 415, 416 (Fla. 3d DCA 1989).

Because the court did not proceed according to the mandatory requirements of FRCrP 3.190(c)(4), it erred in dismissing the case.

Additionally, the employment of the "(c)(4)" dismissal in this case was improper because the Defendant was charged with crimes in which proof of her knowledge and intent were required as part of establishing a prima facie case. Intent of a defendant cannot be resolved on a "(c)(4)" motion. See, *State v Booker,* 529 So.2d 1239 (Fla. 1st DCA 1988). Likewise, knowledge is generally not subject to a "(c)(4)" dismissal. See, *State v Duran,* 550 So.2d 45 (Fla. 3d DCA 1989).

Accordingly, the Order of Dismissal entered by the trial court in this case is hereby reversed. This cause remanded for further proceedings consistent herewith.

REVERSED AND REMANDED.

DONE AND ORDERED in Chambers at the Broward County Courthouse, Fort Lauderdale, Florida, 33301, this 21st day of June, 1991.