595 So.2d 115 (1992)
The Honorable Jonathan T. COLBY, Judge of the County Court of the 11TH Judicial Circuit, in and for Dade County, Florida, Appellant,
v.
David McNEILL, Appellee.
No. 91-1157.
District Court of Appeal of Florida, Third District.
February 11, 1992.
Rehearing Denied April 7, 1992.
*116 Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine B. Johnson, Miami, for appellant.
Michael A. Catalano, Miami, for appellee.
Before HUBBART and FERGUSON and GODERICH, JJ.
HUBBART, Judge.
This is an appeal by the state from a final order granting a petition for a writ of prohibition, based on speedy trial grounds, in a county court proceeding wherein the defendant was charged with two traffic offenses. The central question presented for review is whether a defendant is entitled to a final discharge under the speedy trial rule [Fla.R.Crim.P. 3.191] where (a) police witnesses fail to appear pursuant to a duly issued subpoena for a defense discovery deposition, and, as a consequence, the defendant moves for a continuance of the trial to enable him to take such depositions, and (b) the trial court continues the trial, upon such defense motion, from a date within the 15-day speedy trial window [Fla.R.Crim.P. 3.191(i)(3)] to a date beyond the window. Although we agree that the defendant may be entitled to a continuance of the trial under these circumstances, we conclude that the defendant is not entitled to a final discharge under the speedy trial rule. We accordingly reverse.

I
On June 7, 1990, the defendant David McNeill was arrested and charged by uniform traffic citation before the Dade County Court with (1) driving a motor vehicle while under the influence of an intoxicating beverage [§ 316.193, Fla. Stat. (1989)], and running a stop sign [§§ 316.123, 316.655, Fla. Stat. (1989)]. On July 2, 1990, the defendant filed a written plea of not guilty to these charges and also filed a demand for certain discovery materials; trial was set for August 1, 1990. Thereafter, on August 1, 1990, August 29, 1990, and September 5, 1990, the trial was continued at the request of the defendant because the state inexcusably failed to provide the defendant with the discovery material which the defendant had demanded and was entitled to, despite diligent efforts by defense counsel to obtain such materials. Also, on August 6, 1990, the county court granted the defendant's motion to take discovery depositions in the case.
September 5, 1990, was the last day of the 90-day speedy trial period in this case. Fla.R.Crim.P. 3.191(a)(1). After the court continued the trial on September 5, 1990, the next day the defendant filed a motion for discharge which was never set for hearing; the clerk's office, however, set the case for trial on September 19, 1990, the *117 13th day of the 15-day speedy trial window period under Fla.R.Crim.P. 3.191(i)(3). On September 19, 1990, the case came on for a trial before the county court, and the defendant once again requested a continuance of the trial. The basis for the continuance request was that two police witnesses had failed to appear on August 27, 1990, pursuant to subpoena for a defense discovery deposition. The trial court granted the motion and the case was reset for trial on September 25, 1990  beyond the 15-day speedy trial window.[1]
On September 25, 1990, the defendant moved for a final discharge under the speedy trial rule on the ground that he had not been tried within 90 days of his arrest as required by Fla.R.Crim.P. 3.191(a)(1) or within the 15-day speedy trial window as provided by Fla.R.Crim.P. 3.191(i)(3). The county court denied the motion. On the defendant's petition for a writ of prohibition filed thereafter, the circuit court disagreed and ordered the defendant discharged under the speedy trial rule. The state appeals.

II
The law is well settled that a defendant is not entitled to a discharge under the speedy trial rule, although not tried within the speedy time period, if, at any time during this period, he moves for a continuance of the trial date and said motion is granted inasmuch as (1) the failure to hold a trial within the speedy trial period is attributable to the defendant, under Fla. R.Crim.P. 3.191(d)(3)(ii), and (2) the defendant is not ready for trial on the scheduled trial date and is thus unavailable for trial during the speedy trial period under Fla. R.Crim.P. 3.191(d)(3)(iii), (e). See, e.g., State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971); State v. Toyos, 448 So.2d 1135 (Fla. 3d DCA 1984). The only exception to this rule arises where the defendant is not ready for trial and consequently requests a continuance because the state has impeded the preparation of the defense by inexcusable delays in providing discovery materials to the defendant.[2] As stated in the leading case of State v. Del Gaudio, 445 So.2d 605 (Fla. 3d DCA), rev. denied, 453 So.2d 45 (Fla. 1984):
"Where material discovery is furnished at a time which will not enable the defendant to make use of it in the preparation of his defense before the expiration of the speedy trial time limits, the court may properly continue the case to a date beyond those limits, charge the continuance to the State, and thereafter grant the defendant's motion for discharge based on the speedy trial rule violation."
Id. at 611 (emphasis added). An important limitation to this exception, however, is that it does not apply where the state has no legal obligation to furnish the discovery materials in the first instance, as, in that event, the state has not impeded the preparation of the defense. As stated in Del Gaudio:
"[P]rejudice to the defendant is irrelevant where the State is not obliged to furnish the discovery in the first instance, and thus, the State's inaction or refusal does not constitute a discovery violation. In such a case, the imposition of any sanction against the State  and, a fortiori, dismissal of the charges  is impermissible."
Id. at 609 n. 4.
It is equally well settled that the state has no obligation under the discovery *118 rules to produce a witness for a defense discovery deposition.[3] It therefore follows that when witnesses fail to appear pursuant to subpoena for a defense discovery deposition, the state has not in any way violated the discovery rules or impeded the preparation of the defense. It has therefore been held that if the defendant moves for a continuance based on the failure of witnesses to appear for a defense discovery deposition, the defendant is not entitled to a discharge under the speedy trial rule if not tried within the speedy trial time limits  as the Del Gaudio exception previously discussed is totally inapplicable.[4] Despite some unfortunate dicta to the contrary which undoubtedly misled the circuit court below,[5] this result represents the narrow holdings of the prevailing case law in this state; the aforesaid dicta is therefore disapproved. Although the defendant may be entitled to a continuance under the above circumstances,[6] he is not entitled to a discharge under the speedy trial rule where the case, as here, is continued upon his motion beyond the speedy trial limit.

III
Turning to the instant case, it is clear that the defendant was not tried within the 90-day speedy trial time period for misdemeanor offenses or the 15-day speedy trial window period thereafter. It is also clear that the defendant moved for a continuance of the trial date on August 1, 1990, August 29, 1990, and September 5, 1990, because the state had impeded the preparation of the defense by inexcusable delays in providing discovery material to the defense  despite defense counsel's diligent efforts to obtain same; this being so, the defendant, by making such motions which the trial court granted, did not waive his right to be tried within the speedy trial period based on the Del Gaudio exception. However, when the defendant moved for a continuance on September 19, 1990, because two police officers had failed to respond to a subpoena for a defense discovery deposition, the state was no longer impeding the preparation of the defense, as it had no obligation under the discovery rules to produce such witnesses for the defendant. Consequently, when the case was continued upon defense motion beyond the 15-day speedy trial window, the defendant was not entitled to a final discharge under the speedy trial rule as the Del Gaudio exception was totally inapplicable. Although under these circumstances the defendant may have been entitled to the continuance which the county court granted, his speedy trial rights were in no way violated.
The circuit court, however, placed great reliance on the fact that the county court (a) initially charged the September 19, 1990, defense continuance to the court, but then (b) later ruled that the continuance should be charged to the defendant, when it denied the defendant's motion for a final discharge. The circuit court concluded that the county court had no authority, after the 15-day speedy trial window had expired, to change its position with respect to the nature of this continuance, relying on Esperti v. State, 276 So.2d 58, 64 (Fla. 2d DCA), cert. denied, 285 So.2d 614 (Fla. 1973). We cannot agree. The court in Esperti stated that any extensions of the speedy trial rule must be entered in writing before the speedy trial limits expire and cannot be entered after the expiration of such limits; the case in no way dealt with whether a trial court could reconsider whether a prior defense continuance fell *119 within the Del Gaudio exception. We see no reason why a trial court should not be able to reconsider the nature of a prior defense continuance after the speedy trial limits have run; plainly, such a reconsidered ruling in no way extends the 90 or 175-day speedy trial limit after such limits have expired as disapproved in Esperti. See Small v. State, 454 So.2d 771 (Fla. 1st DCA 1984); J.B. v. Korda, 436 So.2d 1109 (Fla. 4th DCA 1983).
For the above-stated reasons, the final order under review which grants the petition for a writ of prohibition is reversed and the cause is remanded to the circuit court with directions to deny the subject petition and allow the county court to try the defendant for the traffic offenses in this cause.
Reversed and remanded.
NOTES
[1] Thereafter, the defendant diligently deposed the two police officers on September 20 and 21, 1990  within the 15-day speedy trial window, and promptly notified the state on September 21, 1990, that he was ready for trial. He made no motion, however, to reset the trial date.
[2] Godwin v. State, 580 So.2d 176 (Fla. 1st DCA), rev. denied, 584 So.2d 998 (Fla. 1991); State v. A.H., 550 So.2d 138 (Fla. 2d DCA 1989); Birken v. Scheer, 543 So.2d 330 (Fla. 4th DCA), rev. denied, 553 So.2d 1166 (Fla. 1989); Granade v. Ader, 530 So.2d 1050 (Fla. 3d DCA), rev. denied, 541 So.2d 1172 (Fla. 1988); Brown v. State, 527 So.2d 209 (Fla. 3d DCA), rev. denied, 534 So.2d 398 (Fla. 1988); Lobik v. State, 506 So.2d 1077 (Fla. 2d DCA 1987); George v. Trettis, 500 So.2d 588 (Fla. 2d DCA 1986); State v. Williams, 497 So.2d 730 (Fla. 2d DCA 1986); Perez v. State, 474 So.2d 398 (Fla. 3d DCA 1985), rev. denied, 484 So.2d 10 (Fla. 1986); State v. Hutley, 474 So.2d 233 (Fla. 3d DCA 1985), rev. denied, 486 So.2d 596 (Fla. 1986).
[3] See, e.g., State v. Rodriguez, 483 So.2d 751 (Fla. 3d DCA 1986); State v. Valdes, 443 So.2d 302 (Fla. 3d DCA 1983); State v. Roig, 305 So.2d 836 (Fla. 3d DCA 1974).
[4] Granade v. Ader, 530 So.2d 1050 (Fla. 3d DCA), rev. denied, 541 So.2d 1172 (Fla. 1988); State v. Brown, 527 So.2d 209 (Fla. 3d DCA), rev. denied, 534 So.2d 398 (Fla. 1988); State ex rel. Betancourt v. Klein, 354 So.2d 392 (Fla. 3d DCA 1978).
[5] State v. Golden, 571 So.2d 49, 49-50 (Fla. 3d DCA 1990); State v. Haynes, 557 So.2d 913, 914 (Fla. 3d DCA 1990); Stephens v. State, 359 So.2d 21, 22 (Fla. 3d DCA 1978); State v. Banks, 349 So.2d 736, 737 (Fla. 3d DCA 1977).
[6] See, e.g., State ex rel. Gerstein v. Durant, 348 So.2d 405 (Fla. 3d DCA 1977).