PER CURIAM.
We have for review an order dismissing the State’s case against James H. Lamb (Lamb). The State argues that the trial court usurped the power of the prosecutor and abused its discretion in not allowing the State reasonable notice to prepare for a motion to suppress evidence. We agree.
The State charged Lamb with possession and intent to sell cannabis, arising from arrest on a warrant charging an earlier drug offense. At a pretrial hearing, Lamb filed and served the State with a motion to suppress evidence. The trial court heard the motion instanter over the objection of the State that it had inadequate notice and was prejudiced by its consequent inability to call a material witness to testify on the motion. At the conclusion of the hearing, the trial court sua sponte dismissed the charges against Lamb over the State’s objection, notwithstanding the absence of a motion to dismiss by Lamb.
The third district, faced with facts similar to the instant case, noted:
It appears, from a consideration of the totality of the circumstances surrounding the dismissal, that it was the Court’s intention, in dismissing the ease, to “screen out” a case that was viewed by the Court as one that was so weak so as to be unworthy of the time and effort, of the Court and the prosecutor, that would necessarily have to be expended if the prosecution of the case were to continue....
The problem arises, however, when the taking of such actions by the Court invades and interferes with the proper exercise of prosecutorial discretion that is the sole responsibility of the prosecutor.
The strength of the State’s case, and the likelihood of the State obtaining a conviction after a prosecution of a particular case, are properly considered by the Court in certain circumstances, such as when the Court has to make a determination concerning the pre-trial release status of a particular defendant_ Neither the provisions of that [pretrial release] rule nor the provisions of any other rule contained within the Florida Rules of Criminal Procedure provide for the Court to participate with the State in making “screening” decisions as to which cases should or should not be prosecuted. The prosecutor, and only the prosecutor, has the responsibility and the authority of making decisions relating to the allocation of prosecutorial resources.
State v. Earl, 545 So.2d 415, 415-16 (Fla.3d DCA 1989) (citation omitted; emphasis added). It is undisputed that the instant trial court had no motion to dismiss before it. The court, over the objection of the prosecutor, nevertheless treated Lamb’s motion to suppress as a motion to dismiss and dismissed the case, based on the court’s view of the merits. Lamb concedes as much in his brief.[1]
The trial court therefore erred in dismissing the State’s case and in failing to permit the State to call witnesses on the motion to suppress. The cause thus is reversed and remanded for consistent proceedings.
It is so ordered.
SMITH, LAWRENCE and BENTON, JJ, concur.

. "Appellee concedes the motion to suppress was an inadequate substitute for a motion to dismiss, yet Appellee submits the ruling was harmless.... This seasoned judge was merely helping along the docket by dismissing a case which was plainly a waste of the court's time.”