675 So.2d 165 (1996)
The STATE of Florida, Appellant,
v.
Marion POPE, Appellee.
No. 95-1684.
District Court of Appeal of Florida, Third District.
May 8, 1996.
Rehearing Denied July 3, 1996.
*166 Robert A. Butterworth, Attorney General, and Consuelo Maingot, Assistant Attorney General, for appellant.
Louis M. Jepeway, Jr., Miami, for appellee.
Before NESBITT, LEVY and GERSTEN, JJ.
LEVY, Judge.
The State of Florida appeals a trial court order dismissing its case with prejudice for lack of prosecution. The trial court erred in dismissing the State's case against the defendant and for the following reasons, we reverse.
On November 17, 1994, Marion Pope (hereinafter "Pope") was charged by Information with committing an Aggravated Assault with a deadly weapon upon Shelton Parrish (hereinafter "Parrish"), the defendant's father-in-law. The case was originally set for trial on February 21, 1995. However, due to a series of requested continuances by the defendant and the State, the trial was delayed until May 4, 1995. On May 3, 1995, the court heard a defense motion to dismiss the case for lack of prosecution. The State announced that it was ready for trial. The trial court asked if the victim was in court. The State indicated that he was not, but that he would appear in court once the jury was selected.[1] The trial court granted the defendant's motion and dismissed the case with prejudice for lack of prosecution.
*167 The trial court abused its discretion in dismissing the case for lack of prosecution where the record does not demonstrate that the State had abandoned its prosecution and where alternatives to dismissal existed. See State v. Cohen, 662 So.2d 430 (Fla. 3d DCA 1995); State v. S.M.F., 546 So.2d 20 (Fla. 3d DCA 1989) (holding that dismissal is a harsh penalty to impose upon the State and is reserved for those instances where no viable alternative exists). It is not appropriate to sanction the State by dismissing a case when a State witness fails to appear at a trial or deposition where there are alternative procedures that the trial court may employ to coerce the witness to appear.
For example, when a State witness fails to appear at a defense deposition, this court and others have held that the trial court commits error when it sanctions the State for the disobedience of its witness by either prohibiting the recalcitrant witness from testifying at trial or dismissing the case altogether. State v. Golden, 571 So.2d 49 (Fla. 3d DCA 1990); State v. Haynes, 557 So.2d 913 (Fla. 3d DCA 1990); State v. Hill, 532 So.2d 1303 (Fla. 2d DCA 1988) (holding that trial court erroneously sanctioned State by dismissing the case when a State witness failed to appear at three deposition appointments). In Granade v. Ader, 530 So.2d 1050 (Fla. 3d DCA), review denied, 541 So.2d 1172 (Fla.1988), this court held that a trial court cannot sanction the State for the actions of a State witness when it is the conduct of the witness that is at issue. A State witness is not an agent of the State; therefore, the conduct of the witness cannot be construed as State action. Id. at 1051.
The court has several alternatives at its disposal that are less drastic than dismissal, such as either continuing the trial until the witness appears for a defense deposition or ordering the witness' arrest. See Haynes, 557 So.2d at 914; Golden, 571 So.2d at 49. Additionally, the trial court can issue a rule to show cause or a writ of bodily attachment to force a recalcitrant witness to appear at either a trial or deposition. Fla.R.Crim.P. 3.840(a); State v. Pautier, 548 So.2d 709, 712 (Fla. 3d DCA 1989).
Finally, the trial court's action in dismissing the case for lack of prosecution when the State had announced that it was ready for trial is clearly error because the court is, in effect, "screening" the State's case by making its own determination of whether or not the case should be prosecuted. See State v. Earl, 545 So.2d 415 (Fla. 3d DCA 1989). As this court has previously stated:
It appears, from a consideration of the totality of the circumstances surrounding the dismissal, that it was the Court's intention, in dismissing the case, to "screen out" a case that was viewed by the Court as one that was so weak so as to be unworthy of the time and effort, of the Court and the prosecutor, that would necessarily have to be expended if the prosecution of the case were to continue....
The problem arises, however, when the taking of such actions by the Court invades and interferes with the proper exercise of prosecutorial discretion that is the sole responsibility of the prosecutor. The strength of the State's case, and the likelihood of the State obtaining a conviction after a prosecution of a particular case, are properly considered by the Court in certain circumstances, such as when the Court has to make a determination concerning the pre-trial release status of a particular defendant.... Neither the provisions of that [pre-trial release] rule nor the provisions of any other rule contained within the Florida Rules of Criminal Procedure provide for the Court to participate with the State in making "screening" decisions as to which cases should or should not be prosecuted. The prosecutor, and only the prosecutor, has the responsibility and the authority of making decisions relating to the allocation of prosecutorial resources. Once the prosecutor has made a determination that a particular case should be prosecuted, it then becomes the responsibility of the Court to appropriately adjudicate, according to the Florida Rules of Criminal Procedure and applicable case law, those issues and questions which are properly placed before the Court....
State v. Earl, 545 So.2d 415, 415-16 (Fla. 3d DCA 1989) (citation omitted).
*168 If something unforeseen should happen, such as the State's main witness not appearing for trial, it is the State's prerogative to determine how, and whether, to proceed with its case. S.M.F., 546 So.2d at 21. The State could enter a nolle prosequi to the charges, thus preserving the possibility of re-filing at some later time, or the State could proceed to trial without its main witness. Id.
Therefore, for the above reasons, we hold that the trial court abused its discretion in granting the defendant's motion to dismiss for lack of prosecution on the sole basis that the State's main witness failed to appear prior to the start of the trial. Accordingly, we vacate the dismissal, and remand the case to the trial court for further proceedings consistent herewith.
Reversed and remanded.
NOTES
[1] The Court had previously directed that the witness in question (the alleged "victim") appear in court before jury selection began.