# Third District Court of Appeal
## State of Florida

Opinion filed March 5, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0435
Lower Tribunal No. A7XIGDE
_____

**The State of Florida,**
Appellant,

vs.

**Osama Saad Alahmari,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Raul Cuervo, Judge.

James Uthmeier, Attorney General and Linda Katz, Assistant Attorney General, for appellant.

Carlos J. Martinez, Public Defender and Andrew Stanton, Assistant Public Defender, for appellee.

Before LOGUE, C.J., and GORDO and BOKOR, JJ.

GORDO, J.

The State of Florida appeals a final judgment *sua sponte* dismissing the criminal charge of driving under the influence against Osama Saad Alahmari ("Alahmari"). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). For the reasons that follow, we reverse.

**I.**

In April 2021, Alahmari was arrested and charged with one count of driving under the influence, a misdemeanor under section 316.193, Florida Statutes. The trial was tentatively set for February 20, 2024. When the case was called, the State informed the trial court that its witnesses had confirmed their availability on the video platform and that it was ready for trial. As the witnesses were not present at that time, the trial court dismissed the case for failure to produce an officer or civilian witness.

Later that afternoon, the trial court recalled the case, realized it had "improvidently dismissed the case" and sought to vacate its ruling. Defense counsel refused to stipulate to resubmit to the court's jurisdiction or waive any related appellate issue without first consulting Alahmari. The trial court chose to leave the dismissal undisturbed and subsequently entered a final judgment dismissing the driving under the influence charge. This appeal followed.

**II.**

We review the dismissal for lack of prosecution under the abuse of discretion standard.  See State v. Pope, 675 So. 2d 165, 167 (Fla. 3d DCA 1996).

**III.**

On appeal, the State argues the trial court abused its discretion in *sua sponte* dismissing the driving under the influence charge for lack of prosecution due to the absence of an officer or civilian witness prior to the start of the trial.

The record before us shows that the State informed the trial court it was ready for trial and that its witnesses would be present when needed to testify.  At that point, the trial had not begun, and no jury had been sworn in. Because the State did not abandon its prosecution, we find the trial court abused its discretion in dismissing the case for lack of prosecution.  See State v. Perez, 543 So. 2d 386, 387 (Fla. 3d DCA 1989) ("We reverse the order under review because, simply stated, there is no showing on this record that the state was not prepared to go forward with its case on the day of trial.  The state had announced ready for trial and thus presumptively was prepared to select a jury, make an opening statement, and present its witnesses.  The fact that the police officers were not physically in the

3

courtroom at 2:00 P.M. before a jury had even been selected constitutes no showing that the state was not prepared to present its evidence at trial at the appropriate time once the trial had begun . . . The order under review is therefore reversed, and the cause is remanded to the trial court with directions to reinstate the information filed below.").

While we recognize the challenges our busy trial judges face in the day-to-day management of their calendar, dismissal under these circumstances is not appropriate. We remand with instructions to reinstate the charge filed below.

Reversed and remanded.