HENDRY, Judge.
Appellant husband, plaintiff below, brings this interlocutory appeal from an order of the trial court assessing costs against him and awarding attorneys’ fees to appellee wife, defendant below.
This action was originated when appellant filed a complaint seeking to modify a final judgment of divorce incorporating a property settlement agreement between the parties. Subsequent to ruling on the merits of appellant’s complaint, after a hearing, the trial court in an order dated May 29, 1975, assessed costs against him and awarded attorneys’ fees to appellee. From the order, appellant brings this appeal.
Appellant makes several assignments of error contending basically that the trial court erred in entering the order because it was contrary to law and the evidence. Appellant also contends that due to the posture of case in the trial court it was premature for costs to be assessed against him. Appellee contends to the contrary.
It is well settled that an appellate court will not disturb an order of the trial court in the exercise of its judicial discretion unless an abuse of that discretion is clearly shown. There is a presumption in favor of the proper exercise of discretion, and the burden is on appellant to clearly show that there was a palpable abuse of discretion. See 2 Fla.Jur., Appeals §§ 326 & 327, and the cases cited therein.
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversi-' ble error has been demonstrated in regard to the trial court’s award of attorneys’ fees to appellee, however, it is clear that the costs assessed against appellant were improperly calculated by including certain costs of appeal. Therefore, the order appealed is affirmed as to the award of attorneys’ fees and reversed as to the assessment of costs and remanded for a determination of the correct amount.
Affirmed in part; reversed in part and remanded.