382 So.2d 419 (1980)
Henry CHURCH, Appellant,
v.
William STRICKLAND et al., Appellees.
No. 79-723/T2-26.
District Court of Appeal of Florida, Fifth District.
April 9, 1980.
*420 David E. Cauthen, Tavares, for appellant.
Steven J. Richey, Leesburg, for appellee.
UPCHURCH, Judge.
This is an interlocutory appeal under Florida Rules of Appellate Procedure 9.130(a)(5), from the Circuit Court for Lake County, Florida, from an order setting aside partial summary judgment pursuant to Florida Rules of Civil Procedure 1.540 on the grounds of excusable neglect. Appellant was the plaintiff below.
Appellant had filed a complaint seeking damages arising from a fire set by appellees' daughter. Appellees, through their attorney, filed an answer in which certain allegations of the complaint were admitted. Appellant moved for summary judgment. In the interim, appellees' attorney died and replacement counsel appeared. The record reflects that the new attorney relied on handwritten notations of the deceased attorney indicating that these allegations were denied, and that he failed to perceive the effect of admissions in the answer until the hearing held on September 5, 1978, at which the court granted a partial summary judgment reciting that it was based in part on the admissions contained in the answer, even though certain depositions and affidavits denied liability. On September 14, 1978, appellees filed a motion for relief from the order of partial summary judgment under Florida Rules of Civil Procedure 1.540. The court entered its order on March 15, 1979, setting aside the order for partial summary judgment.
Appellees' attorney candidly admits that he was negligent in failing to discover the effect of the admissions in the answer prior to the hearing.
The first question before the lower court was whether substitute counsel's negligence was excusable neglect warranting relief. The court in setting aside the partial summary judgment found:
1. Defendants argued that the answer which was filed by the first attorney of record, Henry E. Coleman, contained an error which the plaintiff has used to support his Motion for Summary Judgment.
2. The Court finds counsel's reliance on notes and documents of prior counsel excusable neglect, caused by the confusion surrounding the death of prior counsel.
A motion filed under Florida Rules of Civil Procedure 1.540 is addressed to the sound discretion of the trial court. Allen v. Wright, 350 So.2d 111 (Fla. 1st DCA 1977); Kash 'N Karry Wholesale Supermarkets, Inc. v. Garcia, 221 So.2d 786 (Fla. 2d DCA 1969). It is the duty of the trial court, not the appellate court, to make the determination whether the facts constitute excusable neglect, mistake, or inadvertence within the rules. Schwab & Co., Inc. v. Breezy Bay, Inc., 360 So.2d 117 (Fla. 3d DCA 1978); Farish v. Lum's Inc., 267 So.2d 325 (Fla. 1972). This discretion is of the broadest scope. To reverse the judge's ruling, there must be a showing of gross abuse of discretion. Schwab, supra. See also North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962), where the court, in reviewing an order vacating a default, said that if there is any reasonable doubt in the matter, it should be resolved in favor of granting the application and allowing the trial upon the merits.
Appellant has also raised a second question, whether defendant's motion should be denied on the grounds that it fails to show a meritorious defense to the summary judgment.
A party seeking to have a judgment set aside under Florida Rules of Civil Procedure 1.540, claiming mistake or excusable neglect, must show the existence of a meritorious defense to the suit. Butler v. Butler, 172 So.2d 899 (Fla. 3d DCA 1965).
In the case before us, appellees contend that (1) a response to the request for admissions; (2) the depositions of defendant Strickland; and (3) the deposition of a witness, James W. Morris, raised a question as to the issue of liability. It is noted that the court in its order cited the original answer in its findings of a basis for granting the *421 order of partial summary judgment. Undoubtedly, the court found that without the admission in the answer included through the excusable neglect of counsel, there would have been an issue of liability raised, thereby precluding the grant of summary judgment.
Whether the negligence of the attorney was excusable is a factual matter to be resolved by the trial judge. It has not been demonstrated that the learned judge in the court below abused his broad discretion and we will not interpose our judgment for his.
AFFIRMED.
ORFINGER, J., concurs.
DAUKSCH, C.J., dissents with opinion.
DAUKSCH, Chief Judge, dissenting:
I respectfully dissent. In my opinion, this is a case where the neglect of counsel was so egregious that we should not permit the error in setting aside the partial summary judgment to go uncorrected. While I hesitate to set out the facts in this case for fear a dangerous precedent will be set by the affirmance the majority has seen fit to award I must do so in order to support my opinion.
Appellee was sued for negligence and went to an attorney for representation. That attorney undertook the representation and filed an answer to the complaint, which answer admitted certain facts. Shortly thereafter the attorney died and new counsel undertook to represent appellee. The new attorney entered the scene by filing his notice of appearance on June 12, 1978, approximately one month after the deceased attorney had filed the answer. On July 13, 1978, appellee filed a motion for Partial Summary Judgment and on September 5, 1978, the court heard and granted the motion.
Not until November 28, 1979, did appellee's counsel file his motion to set aside the judgment under Rule 1.540(b), Rules of Civil Procedure,[1] alleging excusable neglect. It is noted he did file a motion for rehearing on the order granting the motion for summary judgment. This motion was filed September 14, 1978, and denied on November 14, 1978.
It seems to me that appellee's counsel had from June 12, 1978, the day he filed his notice of appearance, until September 5, 1978, the day the hearing on the motion for Partial Summary Judgment, in order to get his "act together." This is quite enough time to check the court records in the court-house, located in the same small town as his law office, and see what the case file might disclose. The negligent failure to do that is enough for me to say the trial judge erred in setting aside the judgment, therefore I have absolutely no problem deciding that counsel was grossly negligent by failing to move to set aside the judgment until two and one half months after the judgment was entered. The order setting aside the *422 judgment was not entered until March 15, 1979! This is quite unfair to appellants and should not be condoned by this court. The negligence of counsel is not excusable and the grace granted by the trial judge and the majority here compounds the injury.
NOTES
[1] Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment or decree is void; (5) the judgment or decree has been satisfied, released or discharged or a prior judgment or decree upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, decree, order or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order or proceeding or to set aside a judgment or decree for fraud upon the court.

Writs of coram nobis, coram vobis, audita querela and bills of review and bills in the nature of a bill of review are abolished and the procedure for obtaining any relief from a judgment or decree shall be by motion as prescribed in these rules or by an independent action.