COWART, Judge.
This appeal considers the definition of excusable neglect as a ground for vacating or setting aside a judgment, decree, or order pursuant to Florida Rule of Civil Procedure 1.540(b)(1).
*326 Heath retained an attorney to bring an action against the City of Ocala. The complaint was dismissed and Heath was given twenty days to amend. Heath’s counsel failed to amend and an order was entered dismissing Heath’s complaint with prejudice for failure, to amend within the time provided.
Five months later, Heath obtained new counsel and, pursuant to Rule 1.540(b),. filed a motion to vacate the order of dismissal alleging excusable neglect resulting from the serious illness of Heath’s former counsel. According to the affidavit of former counsel’s physician, during his representation of Heath former counsel was receiving medications which “caused him to have lapses of memory and have effectively precluded him from the practice of law” and former counsel’s “ability to think clearly has been greatly limited and his attention span has been very short.” The trial court vacated the order of dismissal and permitted amendment of the original complaint. We affirm.
Former counsel’s illness, from which he died shortly after the motion to vacate was filed, combined with the adverse effects of the medication he was taking, makes his neglect of Heath’s action “excusable” and justifies relief under Rule 1.540(b). Cf. Rogers v. First National Bank at Winter Park, 232 So.2d 377 (Fla.1970) (trial court abused its discretion in refusing to grant motion to vacate dismissal order where plaintiffs’ counsel had been in poor health and had secretarial problems). The trial court did not abuse its broad discretion in vacating the order of dismissal. E.g. Jernigan v. Progressive American Insurance Co., 501 So.2d 748 (Fla. 5th DCA), rev. denied, 513 So.2d 1062 (Fla.1987); Kindle Trucking Co. v. Marmar Corp., 468 So.2d 502 (Fla. 5th DCA 1985); Church v. Strickland, 382 So.2d 419 (Fla. 5th DCA 1980).
AFFIRMED.
UPCHURCH, C.J., and ORFINGER, J., concur.