# Third District Court of Appeal

**State of Florida**

Opinion filed July 13, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1403
Lower Tribunal No. 12-41663
_____

**Medley Plaza, Inc.,**
Appellant,

vs.

**The Rama Fund, LLC, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Samantha Ruiz-Cohen, Judge.

Thomas Neusom (Fort Lauderdale), for appellant.

Holland & Knight LLP, and Joaquin J. Alemany and Frances G. De La Guardia, for appellee The Rama Fund, LLC.

Before ROTHENBERG, LAGOA, and LOGUE, JJ.

LOGUE, J.

Medley Plaza, Inc., appeals a final summary judgment. We dismiss the case for lack of jurisdiction because the notice of appeal was filed outside the jurisdictional time limits established by Florida Rule of Appellate Procedure 9.110(b).

Unlike some rules that require a party to act within a specified time of service, Rule 9.110(b) requires a notice of appeal from a final order be filed within thirty days of the rendition of the order being appealed. "The time for taking an appeal is a jurisdictional requirement established by Florida Rule of Appellate Procedure 9.110(b). Where the notice of appeal is not filed within thirty days of rendition, the appellate court is precluded from exercising jurisdiction over the appeal." Am. Auto. Ass'n v. C.D.S. Towing & Recovery Inc., 805 So. 2d 1064, 1065 (Fla. 3d DCA 2002) (citation and quotation omitted).

Summary judgment was entered against Medley Plaza on March 10, 2016. Within fifteen days, Medley Plaza filed a timely motion for rehearing which tolled the rendition of the judgment and the time for filing an appeal. Fla. R. App. P. 9.020(i). On May 2, 2016, however, the trial court denied rehearing. Medley Plaza did not file its notice of appeal until thirty-five days later on June 6, 2016.

Medley Plaza argues that Florida Rule of Judicial Administration 2.514(b) provides an additional five days to file the notice of appeal. Rule 2.514(b) reads "[w]hen a party may or must act within a specified time after service and service is

2

made by mail or e-mail, 5 days are added after the period that would otherwise expire." Medley Plaza's reliance on rule 2.514(b) is misplaced. The additional five days provided by rule 2.514(b) does not operate to extend the time to file a notice of appeal. Instead, as this court has previously explained:

> The additional five-day time period applies when another rule requires a party to act within a specified time after <u>service</u>. Rule 2.514(b) affords no additional time when a rule … requires a party to act within a specified time after <u>rendition</u> of an order.

<u>Miccosukee Tribe of Indians of Fla. v. Lewis</u>, 122 So. 3d 504, 506 (Fla. 3d DCA 2013).

Because Medley Plaza filed its notice of appeal on June 6, 2016, thirty-five days after rendition of the order denying rehearing, the notice of appeal is untimely.

Dismissed.