# Third District Court of Appeal

## State of Florida

Opinion filed August 16, 2017.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D17-1071
Lower Tribunal No. 15-9283

————————————

## New Day Miami, LLC,
Appellant,

vs.

## Beach Developers, LLC, et al.,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Eric William Hendon, Judge.

Richard L. Barbara, P.A., and Richard L. Barbara, for appellant.

Law Offices of Robert P. Frankel, P.A., and Robert P. Frankel (Plantation), for appellee Beach Developers, LLC; Russell A. Cohen, P.A., and Russell A. Cohen; Tables Law Group, P.A., and Ryan Tables (Hollywood), for appellee Brepega, LLC.

Before ROTHENBERG, C.J., and SCALES and LUCK, JJ.

SCALES, J.

On Motion for Reconsideration

**I. Relevant Procedural Background**

The circuit court entered a final judgment of foreclosure on October 4, 2016, in the case of <u>Beach Developers, LLC v. Brepega, LLC</u>, lower tribunal case number 15-9283. Appellant New Day Miami, LLC ("NDM") was the successful bidder at a November 17, 2016 foreclosure sale. Two of the named defendants[1] in the foreclosure action moved, pursuant to Florida Rule of Civil Procedure 1.540, to vacate the October 4, 2016 judgment of foreclosure and to set aside the sale to NDM.[2]

On March 10, 2017, the trial court entered an order granting these two defendants' rule 1.540 motion, thus vacating the judgment and setting aside the sale to NDM. Rather than appealing this March 10, 2017 order, NDM filed a motion for rehearing pursuant to rule 1.530. On April 17, 2017, the trial court denied NDM's motion for rehearing, and NDM filed its notice of appeal in this Court on May 9, 2017, challenging both the March 10, 2017 order and the April 17, 2017 order denying rehearing.

---

[1] These two named defendants are Brepega, LLC and Josemar Francisco. While the purpose of their motion to vacate the foreclosure judgment is not immediately relevant to the issues discussed in this opinion, the lower court docket reveals that their motion was based on their not having received notice of hearing of the final judgment, which deprived them of the opportunity to argue to the trial court that the plaintiff allegedly had breached a settlement agreement.

[2] Sometime prior to the February 27, 2016 hearing on the rule 1.540 motion, NDM intervened in the case below, and the record suggests that NDM participated in the hearing.

Appellee, plaintiff below, Beach Developers, LLC moved to dismiss NDM's appeal as untimely. Beach Developers argued that, pursuant to the express provisions of Florida Rule of Appellate Procedure 9.130(a)(5),[3] NDM's rule 1.530 motion for rehearing did not toll the rendition date of the trial court's March 10, 2017 order granting the rule 1.540 motion; and therefore, NDM's May 9, 2017 notice of appeal was untimely as it was not filed within thirty days of rendition as required by Florida Rule of Appellate Procedure 9.130(b).

NDM did not respond to Beach Developers's motion to dismiss, and on June 9, 2017, we granted the motion and dismissed NDM's appeal. NDM then filed with this Court the instant motion for reconsideration. In the instant motion, NDM argues that the trial court's March 10, 2017 order – vacating the foreclosure sale and setting aside NDM's certificate of title – constituted *a final judgment* as to NDM, despite being manifested in a rule 1.540 order. NDM maintains that, because it was a third-party bidder at the foreclosure sale, rather than a party to the underlying foreclosure action, NDM's motion for rehearing of the March 10, 2017 order was both timely and authorized, thereby delaying "rendition" of the March 10, 2017 order until NDM's rehearing motion was adjudicated on April 17, 2017.

_____

[3] Rule 9.130(a)(5) provides: "Orders entered on an authorized and timely motion for relief from judgment are reviewable by the method prescribed by this rule. *Motions for rehearing directed to these orders will not toll the time for filing a notice of appeal.*" (Emphasis added).

Fla. R. App. P. 9.020(i)(1).[4] NDM argues that its May 9, 2017 notice of appeal is therefore timely, and adequately invokes this Court's jurisdiction to review both (i) the March 10, 2017 order, and (ii) the April 17, 2017 order denying NDM's rehearing motion.

**II. Analysis**

A. <u>March 10, 2017 Order on Rule 1.540 Motion</u>

We are not unsympathetic to the peculiar situation in which NDM finds itself. We agree that the March 10, 2017 order is "final" as to NDM. While this order has reopened the underlying foreclosure case, which remains to be litigated, no further adjudication remains with regard to NDM in this case. See <u>Miami-Dade Water & Sewer Auth. v. Metro. Dade Cty.</u>, 469 So. 2d 813, 814 (Fla. 3d DCA 1985) ("In determining the finality of an order, judgment, or decree, the test employed by the appellate court is whether the order appealed constitutes an end to judicial labor in the trial court, and nothing further remains to be done to terminate the dispute between the parties directly affected."). We also agree with NDM that,

_____

[4] Rule 9.020(i)(1) provides, in relevant part, as follows: "An order is rendered when a signed, written order is filed with the clerk of the lower tribunal. However *unless another applicable rule of procedure specifically provides to the contrary . . . if a final order has been entered and there has been filed in the lower tribunal an authorized and timely motion for . . . rehearing . . . the following exceptions apply: (1) If such a motion or motions have been filed, the final order shall not be deemed rendered as to any existing party until the filing of a signed, written order disposing of the last of such motions." (Emphasis added).

generally, pursuant to rule 9.020(i)(1), an authorized and timely motion seeking relief from a final order delays rendition of the final order until the rehearing motion can be adjudicated. Yet, rule 9.020(i)'s tolling provision is applicable "unless another rule of procedure specifically provides to the contrary." Fla. R. App. P. 9.020(i). Rule 9.130(a)(5) expressly provides that rehearing motions directed toward orders on motions seeking relief from judgment do not toll the rendition of such orders.

In the instant motion, NDM argues that it is somewhat arbitrary that NDM's rehearing motion would not delay rendition of the March 10, 2017 "final order" simply because this March 10, 2017 "final order" happens to be manifested in an order entered "on an authorized and timely motion for relief from judgment" so as to bring it within the scope of rule 9.130(a)(5)'s express tolling prohibition. In sum, NDM argues that rule 9.130(a)(5)'s tolling provision should be inapplicable to NDM's appeal because the trial court's March 10, 2017 order is "final" as to NDM and rule 9.130(a) is applicable only to non-final orders.

The plain and unambiguous language of the relevant provision of rule 9.130, however, belies NDM's argument.[5] Rule 9.130(a)(5) expressly governs procedures

_____

[5] Indeed, the title of rule 9.130 indicates that the rule applies to some species of final orders: **Proceedings to Review Non-Final Orders and *Specified Final Orders***. (Emphasis added). Prior to the 2008 amendment of rule 9.130(a)(5), the rule specifically identified those orders on expressly scheduled post-judgment motions, such as orders on rule 1.540 orders, to which rule 9.130's appellate procedures applied. The 2008 amendment replaced the specific reference to those

applicable to "[o]rders entered on an authorized and timely motion for relief from judgment." The rule is thus applicable to *all* orders granting or denying a party's rule 1.540 motion, irrespective of whether the order is "final" or "non-final."[6]

It is not disputed that the March 10, 2017 order challenged by NDM is an order entered on an authorized and timely motion seeking relief from the October 4, 2016 final foreclosure judgment. As such, the plain and unambiguous text of rule 9.130(a)(5)'s second sentence provides that NDM's motion seeking rehearing of the March 10, 2017 order did "not toll the time for filing a notice of appeal" of that March 10, 2017 trial court order.

Thus, absent tolling, in order for this Court to have jurisdiction to review the March 10, 2017 order, NDM was required to file its notice of appeal within thirty

---

post-decretal motions with "Orders entered on an authorized and timely motion for relief from judgment . . ." Yet, the Court did not amend the rule's title's reference to "specified final orders." See In Re Amendments to Fla. Rules of Appellate Procedure, 2 So. 3d 89 (Fla. 2008).

[6] An order on a party's rule 1.540 motion seeking relief from judgment may be final or non-final. Such an order granting a party's rule 1.540 motion seeking relief from a judgment may be "non-final" if it vacates a judgment, i.e., the adjudication of the parties' dispute continues. Conversely, a trial court's denial of such a motion may be "final," i.e., the previously entered judgment remains undisturbed. Under the unique procedural posture of the instant case, the trial court's granting of the rule 1.540 motion is non-final as to the parties involved in the foreclosure (it vacates the judgment allowing the underlying foreclosure action to proceed), but final as to NDM (it vacates the foreclosure sale of the property to NDM). Rule 9.130(a)(5)'s tolling prohibition applies to *all* orders on rule 1.540 motions, whether the motion is granted or denied, and whether the effect of the order on the appellant is final or non-final.

days of March 10, 2017. Fla. R. App. P. 9.110(b). Because NDM's notice of appeal was not filed until May 9, 2017, we lack jurisdiction to review the trial court's March 10, 2017 order. Peltz v. Dist. Ct. of Appeal, Third Dist., 605 So. 2d 865, 866 (Fla. 3d DCA 1992).

    B. Trial Court's April 17, 2017 Order Denying Rehearing of March 10, 2017 Order

Having concluded that we lack jurisdiction to review the trial court's March 10, 2017 order, we ordinarily would be precluded from separately reviewing the trial court's April 17, 2017 order denying rehearing of that order by virtue of rule 9.130(a)(4).[7] Indeed, rule 9.130(a)(4) generally prohibits appellate review of orders on motions for rehearing of final orders separately from appellate review of the underlying final order. Ricardo v. Wells Fargo Bank Nat'l Ass'n, 166 So. 3d 967, 968 (Fla. 3d DCA 2015); Christ v. Christ, 103 So. 3d 1056, 1057 (Fla. 1st DCA 2013); Bastida v. Vitaver, 590 So. 2d 1092, 1092-93 (Fla. 3d DCA 1991).

But rule 9.130(a)(4)'s "separate review" prohibition is not absolute; a careful reading of the relevant text of rule 9.130(a)(4) reveals that the rule's appellate prohibition is limited only to those orders on motions for rehearing that "suspend rendition" of the underlying final order. Fla. R. App. P. 9.130(a)(4).

_____

[7] Rule 9.130(a)(4) provides: "Orders disposing of motions that suspend rendition are not reviewable separately from a review of the final order; provided that orders granting motions for new trial in jury and non-jury cases are reviewable by the method prescribed in rule 9.110."

7

Hence, the rule is inapplicable to prevent separate review of an order on an authorized, timely rehearing motion that does not suspend rendition of the underlying final order. The long line of cases holding that a district court lacks jurisdiction to review an order on an unauthorized motion seeking rehearing of a *non-final* order is inapposite.

As discussed above, pursuant to rule 9.020(i), authorized and timely motions for rehearing of final orders *generally* suspend rendition of the final order until the rehearing motion has been adjudicated; *except,* as also discussed above, pursuant to the express provisions of rule 9.130(a)(5), a rehearing motion directed toward an order on a party's rule 1.540 motion – whether that order is final or non-final – does not suspend rendition of the order.

Because rule 9.130(a)(4)'s "separate review" prohibition applies only to orders on motions that suspend rendition, and because NDM's timely and authorized[8] rehearing motion did not suspend rendition of the March 10, 2017

---

[8] We are mindful that the committee notes purporting to explain our Supreme Court's 2008 amendment to rule 9.130(a)(5) characterize rehearing motions directed toward rule 1.540 motions as unauthorized. Those notes read, in relevant part, as follows: "Subdivision (a)(5) has been amended to recognize the unique nature of the orders listed in this subdivision and to codify the holdings of all of Florida's district courts of appeal on this subject. The amendment also clarifies that motions for rehearing directed to these particular types of orders are unauthorized and will not toll the time for filing a notice of appeal." Fla. R. App. P. 9.130(a)(5) committee notes (2008). Committee notes, however, are not binding authority. D. K. D. v. State, 470 So. 2d 1387, 1389 (Fla. 1985). Given the unique posture of the instant case, these committee notes seem in direct conflict with our Supreme Court's holding in Clearwater Federal Savings & Loan Ass'n v. Sampson, 336 So.

8

order, rule 9.130(a)(4)'s "separate review" prohibition does not preclude this Court from reviewing the trial court's April 17, 2017 order, notwithstanding that this Court lacks jurisdiction to review the underlying March 10, 2017 order.

### III. Conclusion

While NDM's March 24, 2017 rehearing motion – directed toward the trial court's March 10, 2017 rule 1.540 order – was both timely and, under the facts of this case, authorized, it did not toll the rendition of the trial court's March 10, 2017 order, pursuant to rule 9.130(a)(5). Because NDM did not timely appeal that March 10, 2017 order, we lack jurisdiction to review that order. We deny NDM's instant motion seeking reconsideration of this Court's June 9, 2017 order dismissing NDM's appeal of the March 10, 2017 order.

Because NDM timely appealed the trial court's April 17, 2017 order denying NDM's rehearing motion, we vacate that portion of our June 9, 2017 dismissal order that dismissed NDM's appeal of the trial court's April 17, 2017 order. Within fifteen days of this order, NDM shall file its Initial Brief, accompanied by an appendix as prescribed by Florida Rule of Appellate Procedure

---

2d 78 (Fla. 1976). Clearwater Savings expressly holds that a motion for rehearing directed toward a post-decretal order adjudicating an issue not adjudicated in the final judgment, such as NDM's rehearing motion, is authorized. Id. at 79. While the Clearwater Savings Court went on to hold that Clearwater Savings's rehearing motion did toll the rendition of the underlying order, Clearwater Savings was not confronted, as is NDM, with a plain and unambiguous rule precluding tolling. Id. at 80.

9

9.220. Additional briefs shall be served as prescribed by Florida Rule of Appellate Procedure 9.210. We emphasize that, for the reasons stated above, the issue on appeal is limited strictly to whether the trial court erred in entering its April 17, 2017 order.

Motion for reconsideration granted in part and denied in part.