# Third District Court of Appeal

## State of Florida

Opinion filed January 3, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-0038
Lower Tribunal No. 10-53384

_____

**Jockey Club Condominium Apartments, Inc.,**
Appellant,

vs.

**B.V.K., LLC, etc., et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Mark Perlman, P.A., and Mark Perlman (Hallandale Beach), for appellant.

Luis G. Montaldo; Bilzin Sumberg Baena Price & Axelrod LLP, and Eileen Ball Mehta and Leah Aaronson; Abigail Price Williams, Miami-Dade County Attorney, and Jorge Martinez-Esteve, Assistant County Attorney; Gary S. Glasser, P.A., and Gary S. Glasser, for appellees.

Before SUAREZ, EMAS and SCALES, JJ.

SCALES, J.

Jockey Club Condominium Apartments, Inc. ("Jockey Club") appeals a December 14, 2016 order denying its motion for rehearing (the "Rehearing Order") directed toward a September 30, 2016 order entered by the Miami-Dade Circuit Court (the "September 30, 2016 Order"). The September 30, 2016 Order, which is described more fully below, vacated an earlier summary judgment order. Because we lack jurisdiction to consider an appeal of either the September 30, 2016 Order or the Rehearing Order, we dismiss Jockey Club's appeal.

**I. Procedural Background**

The underlying case involves a dispute over the ownership and possession of a condominium parking lot (the "Parcel"). After the Parcel's property taxes were not paid, the appellee, plaintiff and counter-defendant below, B.V.K., LLC ("BVK"), purchased the property in a 2008 tax deed sale. Because the Parcel is located in a gated condominium community, BVK could not gain access to the Parcel. In 2012, BVK filed a lawsuit against Jockey Club and entities related to Jockey Club, and later added as parties the Miami-Dade County Clerk, the Property Appraiser and the Tax Collector. BVK's lawsuit sought declaratory relief and damages for unjust enrichment.

Jockey Club's answer and affirmative defenses, and a subsequent motion for summary judgment by co-defendant J.C. Property 2010, LLC, maintained that the tax deed sale to BVK was invalid because the Property Appraiser had sent the

Parcel's ad valorem tax bills to the wrong entity. The Property Appraiser had sent the annual ad valorem tax bills, and the Tax Collector had given notice of the eventual tax deed sale, to an entity known as Jockey Holdings, Inc.; however, Jockey Holdings Inc. was not the owner of record of the Parcel. Apparently, in 1996, Jockey Holdings, Inc. acquired a portion of the property commonly known as The Jockey Club,[1] but its purchase excluded the Parcel. An entity known as Jockey Club, Inc. appeared to retain ownership of the Parcel.

The limited record before us indicates that, during the summer of 2015, the parties filed cross-motions for summary judgment. In an amended summary judgment order, dated October 29, 2015, the trial court determined that Jockey Club, Inc. was the owner of the Parcel; in that order, the trial court invalidated the tax deed sale on due process grounds and also ordered the Tax Collector to conduct a new tax deed sale. Pursuant to Florida Rule of Civil Procedure 1.540, both the County Clerk[2] and BVK filed motions seeking relief from the October 29, 2015 amended summary judgment order.[3] The County Clerk's motion also sought

---

[1] The Jockey Club is a thirty-acre property located in Miami, Florida. It contains three condominium buildings, each operated by a separate condominium association, along with a marina, parking areas, and recreational facilities. The appellant in this case is the first (Phase I) of the three condominium associations.

[2] The County Clerk, a party defendant in BVK's lawsuit, filed this motion jointly with and on behalf of the Property Appraiser and the Tax Collector.

[3] While the record before us indicates that both the County Clerk and BVK filed – and noticed for hearing – motions to vacate the October 29, 2015 amended summary judgment, the trial court's September 30, 2016 Order appears to have

clarification as to whom it should send notice of the new tax deed sale of the Parcel.

While these rule 1.540 motions were pending, an attorney ad litem appointed by the trial court filed a report that identified a successor owner of Jockey Club, Inc. Just prior to this report's filing, BVK struck a deal with this purported successor owner by which the successor owner quitclaimed the Parcel to BVK.

On September 12, 2016, the trial court conducted a hearing on the County Clerk's rule 1.540 motion. As reflected in its September 30, 2016 Order granting the rule 1.540 motion, the trial court's original concern about the due process issues arising from the tax deed sale to BVK was assuaged by the "cure" of the quitclaim deed. In this September 30, 2016 Order, the trial court (i) vacated its earlier October 29, 2015 amended summary judgment order, (ii) found that the tax deed sale was valid, (iii) found that the County Clerk did not need to re-auction the Parcel, and (iv) determined that BVK was the present owner of the Parcel.

On October 11, 2016, Jockey Club challenged the trial court's September 30, 2016 Order not by appealing the order but by filing a motion for rehearing, presumably pursuant to Florida Rule of Civil Procedure 1.530.[4] On December 14,

---

adjudicated only the County Clerk's rule 1.540 motion.

[4] Jockey Club's rehearing motion does not cite a rule pursuant to which the motion was filed.

2016, the trial court entered the Rehearing Order, denying Jockey Club's motion for rehearing.

On January 6, 2017, Jockey Club filed a notice of appeal of the Rehearing Order, characterizing the Rehearing Order as an appealable, non-final order determining the right to immediate possession of property.[5] After BVK filed its February 17, 2017 motion to dismiss this appeal,[6] Jockey Club filed a motion with this Court to amend its notice of appeal wherein Jockey Club sought to re-designate its appeal as one from a final order. Jockey Club now maintains that it is seeking appellate review of the September 30, 2016 Order – establishing BVK as the Parcel's owner – the rendition of which Jockey Club asserts was tolled by Jockey Club's October 11, 2016 motion for rehearing.

**II. Analysis**

We lack jurisdiction to review either the September 30, 2016 Order or the Rehearing Order, and dismiss Jockey Club's appeal accordingly.

A. The September 30, 2016 Order

---

[5] See Fla. R. Civ. P. 9.130(a)(3)(C)(ii).

[6] BVK's motion to dismiss suggests that this Court lacks jurisdiction to review the Rehearing Order because, below, Jockey Club is claiming an easement interest in the Parcel that is inconsistent with Jockey Club's assertion that the Rehearing Order determined immediate possession to property. Because our dismissal of this appeal is based upon other, more fundamental grounds, we need not, and therefore do not, reach the jurisdictional issue raised in BVK's motion to dismiss.

In order for this Court to exercise jurisdiction to review a final or a specified non-final order, a notice of appeal must be filed within thirty days of the rendition of the order to be reviewed. Fla. R. App. P. 9.110(b), 9.130(b). If, however, an "authorized and timely" motion for rehearing of a final order has been filed, then the final order is not deemed "rendered" – and the time for filing the notice of appeal is therefore tolled – until the trial court adjudicates that "authorized and timely" rehearing motion. Fla. R. App. P. 9.020(i).

Florida Rule of Appellate Procedure 9.020(i)'s tolling provision, though, is inapplicable to orders entered on motions seeking relief from judgment pursuant to rule 1.540(b). Fla. R. App. P. 9.130(a)(5).[7] Rehearing motions directed to such orders do not toll their rendition. Id.; see New Day Miami, LLC v. Beach Developers, LLC, 225 So. 3d 372 (Fla. 3d DCA 2017).

The September 30, 2016 Order resulted from the County Clerk's rule 1.540 motion seeking relief from the trial court's October 29, 2015 amended summary judgment order. Therefore, Jockey Club's October 11, 2016 motion for rehearing directed toward that September 30, 2016 Order did not delay rendition of the September 30, 2016 Order or toll the time for filing a notice of appeal of the order. New Day Miami, 225 So. 3d at 375. Jockey Club's January 6, 2017 notice of

---

[7] Rule 9.130(a)(5) provides: "Orders entered on an authorized and timely motion for relief from judgment are reviewable by the method prescribed by this rule. *Motions for rehearing directed to these orders will not toll the time for filing a notice of appeal*." (Emphasis added.)

6

appeal was therefore untimely and did not fix jurisdiction in this Court to review the September 30, 2016 Order. Id. at 376; Medley Plaza, Inc. v. The Rama Fund, LLC, 196 So. 3d 512 (Fla. 3d DCA 2016).

B. The Rehearing Order

*1. Separate review of a rehearing order generally prohibited*

We now address whether we have jurisdiction to review the Rehearing Order separately from the September 30, 2016 Order. Florida Rule of Appellate Procedure 9.130(a)(4) generally precludes appellate review of an order denying a rehearing motion separately from the final order from which rehearing is sought. This rule's express prohibition against separate reviewability, though, appears to apply only when the rehearing motion suspends rendition of the final order pursuant to rule 9.020(i).[8] Because Jockey Club's motion for rehearing of the September 30, 2016 Order did not suspend rendition of the September 30, 2016 Order,[9] rule 9.130(a)(4)'s separate review prohibition may be inapplicable in this case to prevent separate review of the Rehearing Order.

In any event, this Court has applied rule 9.130(a)(4)'s prohibition of an independent review of an order on a rehearing motion even when, as here, the

_____

[8] In relevant part, rule 9.130(a)(4) provides: "Orders disposing of *motions that suspend rendition* are not reviewable separately from a review of a final order . . . ." (Emphasis added.)

[9] See section II. A., supra.

7

rehearing motion did *not* toll the rendition of the rule 1.540(b) order. Ricardo v. Wells Fargo Bank Nat'l Ass'n, 166 So. 3d 967 (Fla. 3d DCA 2015) (dismissing, for lack of jurisdiction, appeal of trial court's order that denied rehearing of an order denying appellant's rule 1.540(b) motion). Therefore, this Court's jurisprudence, informed by rule 9.130(a)(4) and Ricardo, generally prohibits our review of an order denying rehearing of a rule 1.540 order separately from the underlying rule 1.540 order.

*2. The New Day Miami exception to separate review prohibition*

Notwithstanding the dictates of rule 9.130(a)(4) and our holding in Ricardo, this Court recently allowed for separate appellate review of an order denying an authorized and timely motion seeking rehearing of a rule 1.540 order, despite the appellant being time-barred from seeking review of the underlying rule 1.540 order. New Day Miami, 225 So. 3d at 376-77. The unique set of circumstances present in New Day Miami, though, are not present in this case.

In New Day Miami, we determined that the trial court's rule 1.540 order vacating the judgment was the first adjudication of the case as to New Day Miami, LLC ("NDM"), inasmuch as NDM was not a party to the case when the foreclosure judgment was entered. We therefore held that, consistent with Clearwater Federal Savings & Loan Ass'n v. Sampson, 336 So. 2d 78 (Fla. 1976), NDM's rehearing motion directed toward the rule 1.540 order was "authorized,"

and the order denying same was separately reviewable from the underlying rule 1.540 order, because, vis-à-vis NDM, the issue adjudicated in that post-decretal order had not been adjudicated previously by the trial court. Id. at 376 n.8. Indeed, NDM was a stranger to the case at the time the foreclosure judgment was entered.

In the instant case, Jockey Club was a party to the proceedings resulting in both the October 29, 2015 amended summary judgment order and the September 16, 2016 Order, and the issue adjudicated in both of these orders was virtually identical. From the amended summary judgment order of October 29, 2015, which invalidated the tax deed sale; to the September 30, 2016 Order that reversed course and validated the tax deed sale (determining BVK as the owner of the Parcel); to the Rehearing Order that upheld the September 30, 2016 Order, neither the parties nor the predominant issue varied. Therefore, Jockey Club is not at all similarly situated to NDM. Hence, the due process concerns articulated in Sampson and implicated in New Day Miami – warranting appellate review of a rehearing order separate from the underlying rule 1.540 order – are simply not present in this case, and we decline to expand our holding in New Day Miami beyond the unique factual situation present in that case. We therefore lack jurisdiction to review the Rehearing Order separately from the September 30, 2016 Order. Ricardo, 166 So. 3d at 967.

**III. Conclusion**

9

We dismiss Jockey Club's appeal because we do not have jurisdiction to review either the September 30, 2016 Order or the Rehearing Order.

Dismissed.[10]

---

[10] We recognize that there is little clarity for practitioners and trial courts regarding the circumstances in which a rule 1.530 rehearing motion directed toward a rule 1.540 order is authorized. Relatedly, the jurisprudence governing district courts' jurisdiction to review orders on such rehearing motions is similarly murky. By way of example, while rule 9.130(a)(5) states that rehearing motions directed to orders on rule 1.540 motions "will not toll the time for filing a notice of appeal," the 2008 comments to that same rule state, ". . . that motions for rehearing directed to these particular types of orders *are unauthorized* and will not toll the time for filing a notice of appeal." Fla. R. App. P. 9.130(a)(5) committee notes (2008) (emphasis supplied). Plainly, the rule does not prohibit such motions, notwithstanding the comment's characterization of such motions as "unauthorized." Similarly, as we recognize in both this opinion and in New Day Miami, Rule 9.130(a)(4)'s express prohibition of appellate review of a rehearing order, separate from the underlying order for which rehearing is sought, seems applicable to only those rehearing "motions that suspend rendition." Presumably then, it could be argued that rule 9.130(a)(4) would not prevent a district court from reviewing a rehearing order directed toward a 1.540 order separately from the underlying rule 1.540 order, because rule 9.130(a)(4) applies only to "motions that suspend rendition;" and the rehearing motion directed toward the rule 1.540 order does not "suspend rendition" per rule 9.130(a)(5). While we have tried in both New Day Miami and in this opinion to navigate the waters roughened by these appellate rules, we are mindful that piecemeal adjudication of these issues often creates less, rather than more, clarity. Thus it is preferable to have the Appellate Rules Committee of the Florida Bar review these issues holistically. Accordingly, we refer these issues to the Florida Bar's Appellate Rules Committee for consideration.