# Third District Court of Appeal

## State of Florida

Opinion filed July 13, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-317
Lower Tribunal No. 20-2103 CC
_____

**Jose G. Perez,**
Appellant,

vs.

**Saima Group Corp.,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Milena Abreu, Judge.

Jose G. Perez, in proper person.

Raul E. Espinoza, P.L., and Raul E. Espinoza, for appellee.

Before EMAS, SCALES and BOKOR, JJ.

On Motion to Dismiss Appeal

PER CURIAM.

On February 15, 2022, appellant Jose G. Perez filed in this Court his notice of appeal challenging a January 13, 2022 order that denied Perez's December 31, 2021 successive Florida Rule of Civil Procedure 1.540 motion. While not entirely clear, it appears that Perez's successive rule 1.540 motion sought both (i) to vacate, pursuant to rule 1.540(b)(2) and (3), a December 7, 2020 final judgment of residential eviction against him, and (ii) a rehearing of the trial court's December 23, 2021 denial of Perez's prior rule 1.540(b) motion that sought to vacate the same eviction judgment.

We are compelled to dismiss the appeal because we lack appellate jurisdiction to review an order denying a successive rule 1.540(b) motion where, as here, the grounds asserted in the successive motion were known to the movant at the time the movant filed the first rule 1.540(b) motion. Parkhomchuck v. AIY, Inc., 47 Fla. L. Weekly D912, 2022 WL 1160730 (Fla. 3d DCA Apr. 20, 2022) ("[I]f the appellants were dissatisfied with the trial court's ruling on their first rule 1.540(b) motion, 'their remedy was by appeal, not be [sic] filing successive motions to vacate containing the same general grounds or even new ones, which could have been raised in the first motion.' Intercoastal Marina Towers Inc. v. Suburban Bank, 506 So. 2d 1177, 1179 (Fla. 4th DCA 1987); Purcell v. Deli Man, Inc., 411 So. 2d 378, 379 (Fla. 4th DCA 1982) ('Had the circuit court denied the second motion to vacate, its

action would have been affirmed because the grounds raised in the second motion were raised or could have been raised in the first motion [to vacate].'); see Cordero v. Washington Mut. Bank, 241 So. 3d 967, 968 (Fla. 3d DCA 2018) ('An untimely appeal of a prior order cannot be revived by obtaining a new order to the same effect as the original order and then filing a notice of appeal within thirty days of the most recent order.')").

Additionally, to the extent that Perez's successive rule 1.540(b) motion sought rehearing of the trial court's December 23, 2021 order denying Perez's initial rule 1.540(b) motion, we also lack jurisdiction to review the challenged order. Because motions for rehearing directed toward orders denying rule 1.540(b) motions are generally not authorized, such a motion does not toll the time period to appeal the underlying order denying the rule 1.540(b) motion, and an order denying such a rehearing motion is not separately reviewable from the order denying the rule 1.540(b) motion. See Fla. R. App. P. 9.130(a)(4), (5); Jockey Club Condo. Apartments, Inc., v. B.V.K., LLC, 237 So. 3d 1118, 1121-22 (Fla. 3d DCA 2018) (recognizing that a motion for rehearing directed at an order adjudicating a rule 1.540 motion does not toll its rendition or the time for filing a notice of appeal of the order).

Accordingly, we lack appellate jurisdiction to review the challenged order and grant appellee Saima Group Corp.'s motion to dismiss the appeal.

3

Appeal dismissed.