# Third District Court of Appeal

## State of Florida

Opinion filed January 11, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-217
Lower Tribunal No. 19-21746
_____

**Taylor Hodgkins Hidalgo,**
Appellant,

vs.

**Irene Binder and Stuart Binder,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Gina Beovides, Judge.

Alexander Rodriguez & Associates, P.A., and Alexander Rodriguez, for appellant.

Wasson & Associates, Chartered, and Annabel C. Majewski; and Lee H. Schillinger, P.A., and Lee H. Schillinger (Weston), for appellees.

Before FERNANDEZ, C.J., and HENDON and LOBREE, JJ.

HENDON, J.

Taylor Hodgkins Hidalgo ("appellant"), one of the defendants below,[1] appeals from a non-final order granting Irene and Stuart Binders' (the "Binders"), plaintiffs below, motion for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540(b).  We reverse.

Facts

This case arises out of a mortgage foreclosure proceeding. Upon hearing both parties' motions for summary judgment, the trial court orally denied the Binders' motion for summary judgment, and granted the defendants' motion for summary judgment, reserving jurisdiction to determine entitlement to and amount of attorney's fees and costs. The trial court instructed the defendants' counsel to prepare a proposed order and send it to the Binders' counsel for review before submitting it to the trial court.  The Binders' counsel indicated he had no objection to the entry of defendants' proposed order.  On March 1, 2021, the trial court entered the seven-page final summary judgment order as proposed by the defendants. In its order, the trial court recited the facts of the case, the legal standard, analyzed the issues, concluded that the mortgage was unenforceable,

---

[1] Appellant Taylor Hodgkins Hidalgo is one of John Michael Hodgkins' ("J.M.") two daughters. Other defendants below include John Doe as Personal Representative of the Estate of John Michael Hodgkins, Heather Hodgkins (J.M.'s daughter), and Chadd Hodgkins (J.M.'s son) (collectively, "defendants").

2

dissolved the lis pendens, and reserved jurisdiction to deal with any further issues regarding the title, note and mortgage, as well as entitlement to fees and costs to be awarded to the defendants. The summary judgment order was electronically served on the offices of both parties' counsels that same day.

On March 12, 2021, the Binders' counsel passed away. Two months later, in May 2021, the Binders' new counsel filed a motion for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540(b). In that motion, the Binders asserted that they were entitled to vacate the summary judgment order and re-instate the same order thereby providing them with a new 15-day period for filing a motion for rehearing and a new 30-day period for filing a notice of appeal as a result of former counsel's death prior to the deadline for filing those motions. To establish the inadvertence or excusable neglect required by rule 1.540, the Binders alleged that they did not hear from their counsel's office until weeks after his death, and did not learn of the trial court's ruling until they retrieved their file from counsel's office sometime in April 2021. The Binders argued that there were factual and legal issues precluding summary judgment, specifically equitable subrogation, that could have and should have been raised in a motion for rehearing or on appeal.

In response, the defendants contended that summary judgment had not been entered as a result of mistake, inadvertence, surprise, or excusable neglect because the Binders' counsel had presented his clients' substantive arguments at the summary judgment hearing, he had approved the proposed order, received the summary judgment order on March 1, 2021, and did not pass away until twelve days later. Thus there was no mistake, inadvertence, or excusable neglect *prior to* the rendition of the order, or as a result of appellees' counsels' death, that necessitated relief.

The trial court held a hearing on the Binders' rule 1.540(b) motion for relief from judgment. The Binders argued that the March 1, 2021 summary judgment order should be vacated and re-instated 1) to afford them a new rehearing period to raise the issue of equitable subrogation; and 2) to re-enter the order of summary judgment so as to permit them to file a timely appeal because they did not personally receive timely notice, were not personally served with a copy of the order of summary judgment, and allegedly did not receive it until after the time to file an appeal had lapsed.

For the first time, the Binders argued that the summary judgment order merely established entitlement to a judgment and did not actually enter "final" judgment. They contended that as there is no language of finality, there was no "final" summary judgment order on the docket or any

4

subsequent order issued containing words of finality. The Binders did not raise the issue of finality in their 1.540(b) motion and responses leading up to the hearing. The trial court questioned the Binders' counsel why they should be entitled to a new opportunity to move for rehearing in order to raise the issue of equitable subrogation, an issue that was not raised in the original summary judgment motion and hearing, especially if the issue was known for the entire litigation. The Binders' counsel responded that the issue of equitable subrogation could be raised at any time, even as late as appeal, citing to Dade County School Board v. Radio Station WQBA, 731 So. 2d 638, 645–46 (Fla. 1999).[2]

The trial court ultimately granted the Binders' motion, holding:

---

[2] We note that, in that case, the Florida Supreme Court reversed, rather than upheld, the Third District Court's tipsy coachman affirmance. Id. at 645–46. The Third District's tipsy coachman affirmance had been based on matters argued before the trial court following a jury trial. Id. at 644. An appellate court is "'not at liberty to address issues that were not raised by the parties.'" Rosier v. State, 276 So. 3d 403, 406 (Fla. 1st DCA 2019) (en banc) (quoting Anheuser-Busch Co., Inc. v. Staples, 125 So. 3d 309, 312 (Fla. 1st DCA 2013)). "Nor may an appellate court 'depart from its dispassionate role and become an advocate by second guessing counsel and advancing for him [or her] theories and defenses which counsel either intentionally or unintentionally has chosen not to mention.'" Rosier, 276 So. 3d at 406 (quoting Polyglycoat Corp. v. Hirsch Distribs., Inc., 442 So. 2d 958, 960 (Fla. 4th DCA 1983) (on motion for rehearing)).

5

> ORDERED AND ADJUDGED: Plaintiffs' Motion from Relief from Judgment is GRANTED for the reasons stated below. The Order granting Summary Final Judgment for the Defendants and denying Plaintiffs' motion for summary judgment appears to lack the general words of finality, to render it a final order. Alternatively, even if such order is a final order, the Plaintiff has demonstrated both excusable neglect and due diligence in moving to set aside the order. Specifically, this court finds that that illness or death can constitute excusable neglect. Church v Strickland, 382 So. 2d 419 (Fla. 5th DCA 1980). The Clerk is directed to remove docket entry reference to a summary final judgment, numbered 41, from the Court's docket for this case.

Defendant Taylor Hodgkins Hidalgo appeals.

We review an order ruling on a motion for relief from judgment filed under Florida Rule of Civil Procedure 1.540(b) under an abuse of discretion standard. Foche Mortg., LLC v. CitiMortgage, Inc., 163 So. 3d 525, 526 (Fla. 3d DCA 2015). "An appellate court will not disturb an order of the trial court in the exercise of its judicial discretion unless an abuse of that discretion is clearly shown." Feldman v. Feldman, 324 So. 2d 117, 118 (Fla. 3d DCA 1975); Tikhomirov v. Bank of New York Mellon, 223 So. 3d 1112, 1116 (Fla. 3d DCA 2017) (holding a trial court is accorded broad discretion in determining rule 1.540(b) motions).

Discussion

The parties argue that this Court should determine the finality of the underlying summary judgment order. Although the determination of the finality of an order is a pure question of law and is subject to de novo

6

review,[3] this Court is not tasked in this appeal with evaluating the underlying summary judgment order. The only order on appeal is the order granting the Binders' 1.540(b) motion, which warrants application of a very different, abuse of discretion, standard of review.

The order granting the 1.540(b) motion is a non-final order. The order is appealable under Florida Rule of Appellate Procedure 9.130(a)(5), which expressly governs procedures applicable to "[o]rders entered on an authorized[4] and timely motion for relief from judgment." The rule is thus

---

[3] ProntoCash, LLC v. Autoboutique of Miami, Inc., 336 So. 3d 1212, 1215 (Fla. 3d DCA 2021) (holding the determination of the finality of an order is a pure question of law and is subject to de novo review) (citing M.M. v. Fla. Dep't of Child. & Fams., 189 So. 3d 134, 137 (Fla. 2016)).

[4] In New Day Miami, LLC v. Beach Devs., LLC, 225 So. 3d 372, 375 (Fla. 3d DCA 2017), this Court stated:

> We are mindful that the committee notes purporting to explain our Supreme Court's 2008 amendment to rule 9.130(a)(5) characterize rehearing motions directed toward rule 1.540 motions as unauthorized. Those notes read, in relevant part, as follows: "Subdivision (a)(5) has been amended to recognize the unique nature of the orders listed in this subdivision and to codify the holdings of all of Florida's district courts of appeal on this subject. The amendment also clarifies that motions for rehearing directed to these particular types of orders are unauthorized and will not toll the time for filing a notice of appeal." Fla. R. App. P. 9.130(a)(5) committee notes (2008). Committee notes, however, are not binding authority. K.D. v. State, 470 So. 2d 1387, 1389 (Fla. 1985).

applicable to all orders granting or denying a party's rule 1.540 motion, irrespective of <u>whether the order is "final" or "non-final</u>." <u>New Day Miami, LLC v. Beach Devs., LLC</u>, 225 So. 3d 372, 375 (Fla. 3d DCA 2017). "An order on a party's rule 1.540 motion seeking relief from judgment may be final or non-final. Such an order granting a party's rule 1.540 motion seeking relief from a judgment may be "non-final" if it vacates a judgment, i.e., the adjudication of the parties' dispute continues." <u>Id.</u> at 375 n.6. Thus, because the order on appeal vacated the final summary judgment, the parties' dispute continues and the nature of the order is non-final.

On the merits, the order on appeal is equivocal. On the one hand, the trial court concluded that the summary judgment order "appeared" to lack general words of finality, determined that it was a non-final order, and the trial court subsequently removed reference to a "final" summary judgment from the case docket. Alternatively, the trial court suggested that "if" the summary judgment was a final order, the Binders had demonstrated excusable neglect. Neither of these conclusions are supported in the record or in the law.

We reverse the order on appeal for two reasons. First, by granting the Binders' rule 1.540 motion and characterizing the underlying summary judgment order as non-final, the trial court erroneously allowed them a new

8

post-judgment rehearing period to assert a substantive issue – equitable subrogation – that they failed to raise prior to and during the original summary judgment hearing. See, e.g. Boyd v. Int'l Fid. Ins. Co., 412 So. 2d 944, 945 (Fla. 3d DCA 1982) (holding a party may not defeat an entered summary judgment by altering previously filed pleadings, especially when the matters it seeks to present by amendment were available prior to the entry of summary judgment) (citation omitted). The issue of equitable subrogation was not raised in the Binders' complaint for foreclosure, subsequent pleadings, or in their motion for final summary judgment. The record indicates that they first raised the issue of equitable subrogation in their post-judgment motion for relief from judgment.

Second, the trial court misapplied the excusable neglect analysis by misinterpreting the facts when it, alternatively, concluded that even if the summary judgment order is a "final" order, the Binders had demonstrated excusable neglect as a result of counsel's death. We disagree.

The Binders rely on City of Ocala v. Heath, 518 So. 2d 325, 325 (Fla. 5th DCA 1987), to argue that that they should be excused as a result of counsel's post-judgment death. Although it is true that the illness and death of counsel meets the definition of excusable neglect as a ground for vacating or setting aside a judgment, decree, or order pursuant to Florida

9

Rule of Civil Procedure 1.540(b)(1)), <u>City of Ocala</u> and its progeny have to do with counsel's <u>pre-judgment</u> physical or mental impairment that led to an error that may warrant relief. The record, however, does not indicate that the Binders' counsel was in any way impaired during the litigation leading up to the summary judgment order.

Rather, the facts show that counsel passed away after the final summary judgment order was rendered, four days before the time for filing a motion for rehearing closed, and approximately two weeks before the time for filing a notice of appeal. The Binders do not argue that their counsel was in any way impaired prior to the rendition of the final summary judgment order. The record shows that both counsels' offices received notice of the summary judgment order the day it was rendered on April 1, 2021. The Binders also contend they should have had notice mailed directly to them. However, all of the record pleadings in the litigation were e-filed with the court and emailed to the parties' counsels' offices, not to the clients themselves. This argument lacks merit because notice was not required to be sent to the client directly, as they were represented by counsel. <u>See</u> Fla. R. Civ. P. 1.080.

The appellant contends that the Binders' counsel's office could have timely notified them of the summary judgment order and, if counsel could

not timely file a motion for rehearing or notice of appeal, another attorney could have been retained to do so. The trial court made no findings along these lines, or that the Binders, who knew about the summary judgment hearing, should have kept themselves apprised of the status of their litigation.

Finally, the Binders argued at the hearing on their motion for relief from judgment that if the trial court found the summary judgment order was non-final, it should treat the motion as a rule 1.530 motion for reconsideration instead of a rule 1.540 motion for relief from judgment, and re-enter the summary judgment order to allow the parties a new rehearing period. Rule 1.530(b) has a jurisdictional time window of 15 days from the "date of filing of the judgment in a non-jury action." Such a motion at this point would be untimely, and in any event, the trial court had lost jurisdiction to consider a rule 1.530 motion at the time of the hearing.

The order on relief from judgment fails to adequately explain the factual and legal basis for granting relief, and errs in its application of rule 1.540. For the reasons set forth above, we reverse the order granting the Binders' 1.540 motion for relief from judgment and remand for further consistent proceedings.

Reversed and remanded.