# Third District Court of Appeal

## State of Florida

Opinion filed August 21, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0769
Lower Tribunal No. 19-23438 CA 01
_____

**Jesse Sutton,**
Petitioner,

vs.

**Wilmington Trust, National Association, etc., et al.,**
Respondents.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Robert Flavell. P.A., and Robert Flavell (Celebration), for petitioner.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, David Rosenberg (Boca Raton), Robert G. Post, P.A., Robert G. Post, Kula & Associates, P.A., Elliot B. Kula, and William D. Mueller, for respondents.

Before LOGUE, C.J., and EMAS, and MILLER, JJ.

MILLER, J.

In this post-judgment foreclosure dispute, petitioner, Jesse Sutton, seeks relief in certiorari from an order granting a motion for rehearing filed pursuant to Florida Rule of Civil Procedure 1.530 and vacating a previously rendered order sustaining objections to a foreclosure sale. Sutton contends that the trial court lacked jurisdiction to issue a ruling on the rehearing motion because the underlying order was nonfinal; therefore, the rehearing motion did not toll rendition. Sutton is partially correct. The underlying order was nonfinal as to the parties to the foreclosure judgment. It was final, however, as to the third-party purchasers. See New Day Mia., LLC v. Beach Devs., LLC, 225 So. 3d 372, 375 (Fla. 3d DCA 2017) (finding order granting relief from foreclosure judgment constituted final order as to third-party purchasers); see also Miami-Dade Water & Sewer Auth. v. Metropolitan Dade County, 469 So. 2d 813, 814 (Fla. 3d DCA 1985) ("In determining the finality of an order, judgment, or decree, the test employed by the appellate court is whether the order appealed constitutes an end to the judicial labor in the trial court, and nothing further remains to be done to terminate the dispute between the parties directly affected."). Accordingly, the timely motion for rehearing filed by the third-party purchasers tolled rendition and the trial court properly exercised its jurisdiction in adjudicating the merits. See Fla. R. App. P. 9.020(h)(1)(B) ("[Authorized and timely filed motions for rehearing] toll

2

rendition unless another applicable rule of procedure specifically provides to the contrary . . . .").  The prematurely filed notice of appeal does not alter this conclusion.  See Fla. R. App. P. 9.020(h)(2)(C) ("If any timely and authorized motion [for rehearing] . . . has been filed in the lower tribunal directed to a final order, the following appl[ies]: if a notice of appeal is filed before the rendition of an order disposing of all such motions, the appeal must be held in abeyance until the motions are either withdrawn or resolved by the rendition of an order disposing of the last such motion."); Fla. R. App. P. 9.020(i) ("If any timely and authorized motion . . . is filed, the order will not be deemed rendered as to any party until all of the motions are either withdrawn or resolved by the rendition of an order . . . .").  Accordingly, we dismiss the petition.

Petition dismissed.