# Third District Court of Appeal

## State of Florida

Opinion filed January 29, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1421
Lower Tribunal No. 23-23113-CA-01
_____

**Sabrina Cupid,**
Appellant,

vs.

**Tracey Michelle Lyons-White,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ariana Fajardo Orshan, Judge.

Sabrina Cupid, in proper person.

Strader Paschal, PLLC, Yolanda P. Strader and Bryan L. Paschal (Plantation), for appellee.

Before LOGUE, C.J., and EMAS and GORDO, JJ.

GORDO, J.

Sabrina Cupid ("Cupid") appeals from the denial of a motion for rehearing issued by the trial court in an underlying defamation action brought by Tracey Michelle Lyons-White ("Lyons"). Because Cupid's notice of appeal was not timely filed, we dismiss the appeal for lack of jurisdiction.

**I.**

On May 24, 2024, the trial court entered a default final judgment against Cupid in the amount of $100,000. Cupid did not seek rehearing of, nor did she appeal, the final judgment. Rather, on May 31, 2024, Cupid filed a motion to vacate or set aside the default final judgment pursuant to Florida Rule of Civil Procedure 1.540(b), arguing excusable neglect. She then filed an amended motion raising the same argument. On June 30, 2024, the trial court entered an order denying the rule 1.540 motions.

On July 5, 2024, Cupid filed a motion for rehearing directed toward the June 30, 2024, order denying her rule 1.540 motions. On July 18, 2024, the trial court denied the motion. This appeal, filed on August 10, 2024, followed.[1]

---

[1] Cupid filed a notice of appeal challenging the trial court's July 18, 2024, order denying her motion for rehearing. While not entirely clear, it appears Cupid is also attempting to appeal several other orders of the trial court, including: an interlocutory order on Lyons' amended motion to authorize alias summons and to direct clerk to issue alias summons; the May 24, 2024, default final judgment; and the June 30, 2024, order denying Cupid's rule 1.540 motions to set aside the default final judgment. We lack appellate

## II.

It is well established that "[i]n order for this Court to exercise jurisdiction to review a final or a specified non-final order, a notice of appeal must be filed within thirty days of the rendition of the order to be reviewed." Jockey Club Condo. Apartments, Inc. v. B.V.K., LLC, 237 So. 3d 1118, 1121 (Fla. 3d DCA 2018).

Here, on June 30, 2024, the trial court rendered its order denying Cupid's rule 1.540 motions. While such an order is reviewable under Florida Rule of Appellate Procedure 9.130(a)(5), in order to invoke the jurisdiction of this Court, Cupid was required to file a notice of appeal within thirty days of the June 30, 2024, order. See Fla. R. App. P. 9.130(b). Cupid did not file a notice of appeal within the thirty days. Instead, she challenged the trial

---

jurisdiction to review the May 24, 2024, default final judgment because the notice of appeal was filed more than thirty days from its rendition, and the rule 1.540 motions did not toll rendition of the judgment. See Fla. R. App. P. 9.110(b); Fla. R. Civ. P. 1.540(b) ("A motion under this subdivision does not affect the finality of a judgment, decree, or order or suspend its operation."). For the reasons discussed in this opinion, we similarly lack appellate jurisdiction to review the June 30, 2024, order denying the rule 1.540 motions because the notice of appeal was not filed within thirty days of the order's rendition. See Fla. R. App. P. 9.130(a)(5) ("Orders entered on an authorized and timely motion for relief from judgment are reviewable by the method prescribed by this rule."); Fla. R. App. P. 9.130(b) ("Jurisdiction of the court under subdivisions (a)(3)-(a)(5) of this rule shall be invoked by filing a notice with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed.").

court's order by filing a motion for rehearing. We find Cupid's notice of appeal is untimely because her motion for rehearing directed to the June 30, 2024, order that denied her rule 1.540 motions to set aside the default final judgment was unauthorized and did not toll the time for filing a notice of appeal. See Wood v. Wood, 357 So. 3d 736, 736 (Fla. 3d DCA 2023) ("Motions for rehearing directed to orders entered on an authorized and timely motion for relief from judgment are not authorized under these rules and therefore will not toll the time for filing a notice of appeal." (quoting Fla. R. App. P. 9.130(a)(5))); Perez v. Saima Grp. Corp., 347 So. 3d 421, 422 (Fla. 3d DCA 2022) ("Because motions for rehearing directed toward orders denying rule 1.540(b) motions are generally not authorized, such a motion does not toll the time period to appeal the underlying order denying the rule 1.540(b) motion, and an order denying such a rehearing motion is not separately reviewable from the order denying the rule 1.540(b) motion. Accordingly, we lack appellate jurisdiction to review the challenged order and grant [appellee's] motion to dismiss the appeal."); Advanced Biomedical, Inc. v. 1551 Props., LLC, 374 So. 3d 931, 932 (Fla. 5th DCA 2023) ("Appellant's notice of appeal is untimely because its motion for rehearing directed to the December 13, 2022 order that denied its amended motion to vacate or set aside the final default judgment was unauthorized and did not toll the time

4

for filing the notice of appeal.").  Accordingly, we dismiss this appeal because our jurisdiction to adjudicate the merits of this appeal was not timely invoked.

Dismissed.